J-S73012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE D. NEWCOMER, JR., | |
| Appellant | No. 894 MDA 2014 |

Appeal from the Order Entered April 18, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003564-2006

BEFORE:  BOWES, WECHT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 04, 2014**

George D. Newcomer, Jr., appeals *pro se* from the order entered April 18, 2014, denying his untimely-filed motion for post-sentence relief, which the trial court failed to treat as a PCRA petition.  Since the motion was Appellant's first post-conviction relief filing, he was entitled to counsel. Accordingly, we are constrained to reverse and remand for the appointment of counsel.

Appellant was charged with attempted murder, attempted sexual assault, aggravated assault, unlawful restraint causing serious bodily injury, and indecent assault on June 10, 2006.  After Appellant was evaluated by Mayview State Hospital relative to competency, he entered a negotiated guilty plea on July 25, 2007, to aggravated assault and unlawful restraint. The Commonwealth withdrew the remaining charges.  The court sentenced

Appellant to seven and one-half to twenty years incarceration for the aggravated assault charge and a concurrent term of imprisonment of one to two years for the unlawful restraint count. Appellant did not file a direct appeal.

On March 26, 2014, almost seven years after his guilty plea, Appellant filed what he entitled a motion for modification of sentence *nunc pro tunc*. Therein, Appellant alleged that his sentence was illegal because it was cruel and unusual punishment under the Eighth Amendment as grossly disproportionate. In addition, Appellant averred that the sentence was unduly harsh and excessive. He also baldly asserted that his federal and state constitutional procedural rights were violated.

The court did not construe the filing as a PCRA petition. Accordingly, it did not appoint counsel. Further, since the court did not consider the motion as a PCRA petition, it did not notify Appellant that his petition was defective since he did not allege a timeliness exception, nor did the court provide notice of intent to dismiss. Rather, the court simply dismissed the motion on April 18, 2014. This timely appeal ensued.

The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and asserted that the court erred in denying the motion and failing to provide him with notice of intent to dismiss. The court authored a Rule 1925(a) opinion, concluding that Appellant's motion was untimely under Pa.R.Crim.P. 720 and his claims were not cognizable under the PCRA.

Accordingly, it reasoned that it did not err in failing to treat the motion as a PCRA petition. Appellant now raises two issues for our review.

> Did the trial court abuse its discretion where it unreasonably denied [Appellant's] motion for modification of sentence *nunc pro tunc*?

> Did the trial court denied [sic] due process denying the motion for modification of sentence *nunc pro tunc* without issuing notice of intentions to dismiss and failing to give parties [an] opportunity to respond and defend?

Appellant's brief at 4.

Preliminarily, we must determine if the trial court properly declined to treat Appellant's motion as a PCRA petition. The Commonwealth argues that **Commonwealth v. Wrecks**, 934 A.2d 1287 (Pa.Super. 2007), controls. Specifically, it maintains that Appellant's motion only raised a bald discretionary aspects of sentence claim, which the **Wrecks** Court found to be a non-cognizable claim.[1] The **Wrecks** decision, however, is in conflict with a host of other decisions by this Court and was most recently critiqued in **Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013). More importantly, it is distinguishable.

---

[1] A bald discretionary aspects of sentencing claim can be corrected to allow for review if alleged as an ineffective assistance of counsel claim and the petition is timely. **See Commonwealth v. Scassera**, 965 A.2d 247 (Pa.Super. 2009) (affording relief on ineffective assistance of counsel claim related to discretionary aspects of sentencing).

In **Taylor**, the Commonwealth argued that the defendant's filing of a writ of *habeas corpus* challenging his sentence as illegal was an untimely PCRA petition. Therein, the trial court declined to treat the petition as a PCRA petition and elected to construe the *habeas* motion as an untimely post-sentence motion under Pa.R.Crim.P. 720. We agreed with the Commonwealth that the petition should have been analyzed as a PCRA petition. Since the petition, however, was not the defendant's first, he was not entitled to counsel.

In determining that the *habeas corpus* petition fell within the parameters of the PCRA, we relied on **Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa.Super. 2002), **Commonwealth v. Evans**, 866 A.2d 442 (Pa.Super. 2005), **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super. 2004); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa.Super. 2000), and **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011). Specifically, we noted that the **Jackson** Court opined, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Taylor**, **supra** at 466 (quoting **Jackson**, **supra** at 521).

In **Fowler**, **Evans**, and **Guthrie**, the claims set forth in otherwise untimely post-sentence motions related to the discretionary aspects of a sentence despite the litigants' attempts to cast them as illegal sentencing claims. For example, in **Fowler**, the petitioner maintained that the court's

failure to place its reasons for its sentence on the record rendered the sentence illegal. *See Fowler*, *supra* at 593 (citing *Commonwealth v. McAfee*, 849 A.2d 270 (Pa.Super. 2004), and noting that the claim was a discretionary sentencing issue). Moreover, in *Taylor*, we opined that *Wrecks*

> disregarded that in *Commonwealth v. Evans*, 866 A.2d 442 (Pa.Super. 2005), and *Commonwealth v. Guthrie*, 749 A.2d 502 (Pa.Super. 2000), this Court indicated that the defendant's claims, though couched as illegal sentencing issues, raised bald discretionary sentencing challenges. In *Evans*, the Court set forth the issue raised by the defendant as "Whether the trial court erred in departing from the sentencing procedure mandated in Pa. Rules of Criminal Procedure 704(C)(2) by not stating, on the record, the reason(s) for its decision underlying the sentence imposed." *Evans, supra* at 442–443. This issue pertains to the discretionary aspects of sentencing. Similarly, in *Guthrie*, the Court stated, "Although Appellant couches his argument in terms of legality of sentence, it appears he is raising issues concerning the discretionary aspects of sentence." *Guthrie, supra* at 504. Both the *Evans* and *Guthrie* Courts, nonetheless, treated the post-sentence motions as PCRA petitions.

*Taylor*, *supra* at 467. The *Taylor* Court further recognized that, in both *Evans* and *Guthrie*, the petitioners "were proceeding on what would have been their first-time PCRA proceedings, entitling them to counsel if the motion were treated as a PCRA petition." *Id*. Hence, in *Evans*, where the defendant filed a "motion styled Permission to File Nunc Pro Tunc Motion for Reconsideration or Modification of Sentence[,]" we remanded for the appointment of counsel under the PCRA. *Evans*, *supra* at 442. The *Evans* Court recognized that the Pennsylvania Supreme Court in *Commonwealth*

*v. Smith*, 818 A.2d 494 (Pa. 2003), held that counsel must be appointed for a first-time PCRA petition even if it appears facially untimely.

In addition, the *Evans* Court relied on *Commonwealth v. Kutnyak*, 781 A.2d 1259 (Pa.Super. 2001), wherein a panel of this Court held that a post-sentence motion, filed after the expiration of the period for filing a direct appeal, fell under the ambit of the PCRA "regardless of the manner in which the petition is titled." *Id*. at 1261. The petitioner in *Kutnyak*, almost five years after he entered a guilty plea, filed a motion entitled, "Notice of Post-Sentence Motion Challenging Validity of Guilty Plea to Permit Withdrawal, *Nunc Pro Tunc*[.]" *Id*. We held that the petitioner was "entitled to counsel to represent him despite any **apparent untimeliness of the petition or the apparent non-cognizability** of the claims presented." *Id*. at 1262 (emphasis added).

While the Commonwealth in this case appears to make the distinction that no illegal sentencing claim was at issue, Appellant did set forth that his sentence was cruel and unusual punishment under the Eighth Amendment. Both this Court and our Supreme Court have construed certain Eighth Amendment challenges as illegal sentencing claims. *Commonwealth v. Robinson*, 82 A.3d 998, 1020 (Pa. 2013); *Commonwealth v. Brown*, 71 A.3d 1009, 1015-1016 (Pa.Super. 2013); *Commonwealth v. Henkel*, 938 A.2d 433, 446 n.14 (Pa.Super. 2007). Hence, in this matter, we do not find that *Wrecks* is controlling since Appellant was raising a constitutional

challenge to his sentence that could potentially be considered a cognizable illegal sentencing challenge. ***See e.g.*** 42 Pa.C.S. § 9543(a)(2)(i) & (vii).

Finally, as in ***Kutnyak***, we recognize that Appellant has challenged the court's failure to issue a notice of intent to dismiss since it did not consider the motion as a PCRA petition. The ***Kutnyak*** Court, and more recently this Court in ***Taylor***, has acknowledged that this failure is not automatically reversible error where a petition is untimely. Nonetheless, in ***Kutnyak*** we directed that upon remand the court comply with the applicable rule if it determined that the defendant's petition was untimely. Consistent with that decision, we remind the court to comply with the applicable PCRA rules of procedure.

In sum, we direct that the court appoint PCRA counsel to determine if Appellant can aver an exception to the PCRA time limits and examine if there are other issues that may be of merit if Appellant's petition is timely. Of course, PCRA counsel may elect to file a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).[2]

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

---

[2] This Court may *sua sponte* direct the appointment of counsel. ***See Commonwealth v. Stossel***, 17 A.3d 1286 (Pa.Super. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2014