J-S11012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRYL JORDAN HANKERSON | |
| Appellant | No. 1069 MDA 2014 |

Appeal from the Judgment of Sentence November 1, 2012
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-0000969-2012
CP-22-0002209-2011

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 24, 2015**

Terryl Jordan Hankerson ("Appellant") appeals *nunc pro tunc* from the judgment of sentence entered on November 1, 2012, by the Dauphin County Court of Common Pleas after a jury found him guilty of robbery and conspiracy.  He now challenges the sufficiency and weight of the evidence, and the discretionary aspects of his sentence.  After thorough review, we affirm the convictions, but vacate the judgment of sentence and remand for re-sentencing.

The relevant facts and procedural history of this case, as set forth in the trial court's Pa.R.A.P. 1925(a) opinion, are as follows.  On October 9, 2011, at approximately 5:30 a.m., Michael J. Swartz, a taxi driver, was at the Exxon station at Sixth and Maclay Streets in Harrisburg when Appellant walked over from a dark-colored vehicle and asked Swartz for change for a

one-hundred dollar bill. Swartz refused. Appellant pulled out a gun. Swartz ran away and Appellant gave chase. An unidentified man ("co-conspirator") followed Swartz in the dark vehicle and cut him off. Swartz fell to the ground just as Appellant and the vehicle caught up with him. Both men then attacked and beat Swartz before Appellant told his co-conspirator to go through Swartz's pockets. When Swartz struggled and fought back, Appellant said, "F**k it. I am just going to shoot him." Trial Court Opinion, at 3, citing Notes of Testimony Trial (N.T.). Just as Appellant pointed the gun at his face and moved to pull the trigger, Swartz reached for the gun and his finger jammed the hammer. The co-conspirator grabbed approximately $500 out of Swartz's pocket, and he and Appellant jumped into the dark vehicle and drove away.

Two eyewitnesses had called 911, and Swartz was able to give the dispatcher the license plate number of the vehicle. He described Appellant as being an African-American man, thirty to thirty-nine years old, approximately six feet tall, weighing approximately 180 pounds, and having a scar or birthmark on the left side of his face.[1] Police officers identified the owner of the vehicle as Sheila Lewis, who told detectives that she had given

---

[1] Appellant was twenty-eight years old and weighed approximately 150 pounds at the time of the incident. He is 5'9" tall, and has a tattoo on the right side of his face.

her car keys to one Shawn McCoy, who was accompanied by another man, on October 9. She described both men to detectives.

Two weeks later on October 25, 2011, Swartz spotted a photograph of Appellant in the Patriot News. He found two police officers nearby, and identified the photo to them as the person who had robbed him at gunpoint. Appellant was charged with robbery and conspiracy in connection with Swartz's robbery.

A jury trial was held at which Swartz testified regarding the incident, and stated that he was "100% sure" that Appellant had committed the robbery. Trial Court Opinion, at 4, quoting N.T. He also testified that at the time of the incident, the gas station had been well lit; he and Appellant had been face-to face for much of the struggle; and that he had feared for his life throughout the encounter. Swartz also stated that he immediately recognized Appellant when he saw his photograph in the newspaper. The jury watched a video shot by the gas station's security camera in which Appellant is seen showing his gun to Swartz, and Swartz running away with Appellant in pursuit.

The jury found Appellant guilty of robbery and conspiracy. He was subsequently sentenced to a term of ten to twenty years' incarceration for the robbery conviction, and a concurrent term of five to ten years'

incarceration for the conspiracy conviction.[2] After the denial of post-sentence motions, Appellant appealed to this Court. The appeal was quashed, but after a PCRA proceeding, Appellant's direct appellate rights were reinstated *nunc pro tunc*.

Appellant raises the following three issues for review:

a. Whether the trial court erred in accepting the jury's verdict where the Commonwealth failed to establish sufficient evidence as a matter of law to prove the Appellant guilty beyond a reasonable doubt of the offenses charged?

b. Whether the trial court erred in denying Appellant's post-sentence motion requesting relief based on the jury's verdict being against the weight of the evidence?

c. Whether the trial court erred in the sentence imposed and the Appellant can show that a substantial question as to whether the sentence imposed was appropriate under the sentencing code?

Our standard of review applicable to sufficiency challenges is well-settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt

---

[2] Appellant was also sentenced to a consecutive term of two to four years' incarceration on docket number CP-22-0002209-2011, pertaining to two firearm offenses that dated back to several months before he and his co-conspirator committed the robbery at issue here.

may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Valentine,* 101 A.3d 801, 805 (Pa. Super. 2014) (citation omitted).

A person is guilty of robbery if, in the course of committing a theft, he or she inflicts serious bodily injury upon another; or threatens another with, or intentionally puts him or her in fear of, immediate serious bodily injury. *See* 18 Pa.C.S.A. § 3701(a)(1)(i-v) and (2). Evidence is sufficient to convict a defendant of robbery under this section if it shows "aggressive actions that threatened the victim's safety," and the defendant "reasonably placed a victim in fear of immediate serious bodily injury." *Commonwealth v. Jannett*, 58 A.3d 818, 821-22 (Pa. Super. 2012) (citation omitted).

Our review of the record here indicates that the evidence was sufficient to prove beyond a reasonable doubt that Appellant committed the charged robbery offense. In addition to Swartz's testimony noted above, evidence showed that Appellant and his cohort removed cash from Swartz's pocket and fought with him during the commission of the theft. There is no doubt that Appellant put Swartz in fear of immediate bodily injury when he

held a gun to his face and said he was going to kill him. The record contains sufficient evidence to support the jury's robbery conviction.

The material elements of conspiracy are: "(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." *Commonwealth v. Spotz*, 756 A.2d 1139, 1162 (Pa. 2000) (citation omitted); 18 Pa.C.S.A. § 903(a). An "overt act" means an act done in furtherance of the object of the conspiracy. *See* 18 Pa.C.S. § 903(e); *Commonwealth v. Weimer*, 977 A.2d 1103, 1106 (Pa. 2009).

In the instant case, our review indicates that the evidence was more than sufficient to support Appellant's conspiracy conviction. As noted above, Appellant's co-conspirator drove the dark vehicle to catch up to Swartz as he ran from the gas station. When he did catch up, both he and Appellant fought with Swartz. When Appellant told his co-conspirator to reach into Swartz's pockets, the man complied and took Swartz's cash. Appellant and his co-conspirator then immediately drove away in the dark vehicle. As succinctly stated by the trial court, Appellant's "words and actions revealed a clear intent to commit the crime of robbery [and] an agreement with his cohort to do so, along with the actual act of committing" the crime. Trial Court Opinion, at 6.

Appellant next asserts that his convictions for robbery and conspiracy were against the weight of the evidence. After citing boilerplate case law,

Appellant states, without development or citation to relevant case law, that: (1) the Commonwealth did not do enough investigation before charging him; (2) the police should have presented Swartz with a photo array or a lineup before charging Appellant; (3) the identification Swartz provided at the time of the incident should have been given more weight because he had been able to memorize the license plate of the vehicle involved in the incident; (4) the Commonwealth should have called more witnesses because "they would have identified a perpetrator who fit Swartz's initial description (older and taller than the appellant)," and "the jury never would have convicted the appellant;" and (5) the case should not have rested entirely on a "traumatized inconsistent witness." Appellant's Brief at 13-14.

Our standard of review applicable to a challenge to the weight of the evidence, is as follows.

> [A] verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. … The role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.
>
> Significantly, in a challenge to the weight of the evidence, the function of an appellate court … is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. In determining whether this standard has been

met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

***Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009) (internal citations and quotation marks omitted).

In the instant case, the trial court observed:

[I]t is difficult to imagine a more convincing identification of [Appellant] as the perpetrator of these crimes, or a more concrete set of circumstances in support of the convictions. As referenced above, Mr. Swartz was "100% sure" that [Appellant] was the person who robbed him, and he had more than ample opportunity to observe him during the course of the offenses. The weight given to the evidence presented to weaken/contradict Mr. Swartz's testimony regarding [Appellant's] appearance – such as the fact that the mark on his face was actually a tattoo – is solely within the domain of the fact finder. The jury, as fact-finder, was free to believe all, part or none of the evidence presented, and chose to believe the testimony of Mr Swartz in both his positive identification of [Appellant], as well as the circumstances surrounding the crimes of robbery and criminal conspiracy to commit robbery.

Trial Court Opinion, at 7.

Notwithstanding Appellant's litany of what *should* have happened in the investigation of this case, we conclude that the facts that *were* presented at trial and the inferences drawn therefrom support the trial court's determination that the jury's verdict was not against the weight of the evidence. Accordingly, the trial court did not abuse its discretion in denying Appellant's motion for a new trial based on his weight challenge.

- 8 -

Appellant's final challenge is to the discretionary aspects of his sentence. Appellant was sentenced to a term of ten to twenty years' incarceration for his robbery conviction, and a concurrent term of five to ten years on his conspiracy conviction. The robbery sentence exceeded the sentencing guidelines by three and one-half years. Appellant avers that the sentencing court imposed a sentence exceeding the aggravated range "without acknowledging the guidelines and without stating adequate reasons for the departure at the time of sentencing." Appellant's Brief at 15.[3]

> Our standard of review is as follows.
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517–18 (Pa.Super.2007).

An appeal based on the discretionary aspects of a sentence is not automatic. Rather, "an appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Dodge*, 77 A.3d 1263,

---

[3] Appellant also notes that the sentence is excessive in light of (1) his age at the time of sentencing (20 years old); (2) his having had only one prior criminal adjudication; (3) his difficult childhood; and (4) the death of his father.

1274 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (citation omitted).

Pa.R.A.P. 2119(f) provides:

**(f)    Discretionary Aspects of Sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

*See also Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (clarifying what is required under Rule 2119(f)).

In alleging that the trial court imposed the sentence outside the guidelines without providing an adequate explanation on the record, Appellant has raised a substantial question for our review. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).

In every case where a court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. *See* 42 Pa.C.S.A. § 9721; *Commonwealth v. Bowen*, 55 A.3d 1254, 1263-64 (Pa. Super. 2012). The failure to comply shall result in a remand for re-sentencing. *See* Pa.C.S. § 9721(b).

We clarified what is required of the sentencing court under § 9721(b) in *Commonwealth v. Scassera*, 965 A.2d 247 (Pa. Super. 2009):

> The sentencing court must *consider* the sentencing guidelines, and the consideration must be more than mere fluff. While the guidelines are advisory and nonbinding, a sentencing court must ascertain the correct guideline ranges before deciding that a departure is in order. A sentencing judge must demonstrate an awareness of the guideline sentencing ranges so that the appellate court can analyze whether the reasons for a departure from the guideline ranges are adequate.

*Id*. at 250 (internal citations and quotation marks omitted) (emphasis in original).

At the sentencing hearing in the instant case, the trial court cursorily noted that he had read the pre-sentence report before stating:

> I've been here pretty near 20 years, and there's been robberies that have come and gone, there's been aggravated assaults that have come and gone, but I can't envision a more frightening evening than this cab driver had. All he wanted to do was pump gas, and he got chased down while others just stood around and looked, stood around and watched, and this chase didn't just end with just running down the street a block or two. When he was run down and as he was laying there, a gun was placed at him, and if he hadn't have reached up, if he hadn't have reached up, if he had have tried to just shield himself in any way, this would have been a second degree murder case. I can't think of anything more callous or more frightening. I think the guidelines as they apply to this robbery don't apply for the facts of this case. … The scene that occurred that night is worse than any wild west scenario that I've ever heard. We can't tolerate it.

N.T. Sentencing, 11/1/12, at 5-6.

The judge then imposed the "maximum sentence permitted at law."

*Id*. at 6.

By concluding that the guidelines do not apply without providing a more detailed review of the guidelines, the sentencing court did not meet the requirements of our sentencing code. The court stated that it was

- 11 -

imposing the statutory maximum sentence, but failed to undertake on the record "the elemental exercise of properly calculating and considering the Appellant's prior record score" and suggested guideline ranges. **Scassera**, **supra** at 250. The failure to consider the guideline ranges on the record is an abuse of discretion and a violation of § 9721(b).

Accordingly, we affirm Appellant's convictions, but Appellant's judgment of sentence must be vacated and the matter remanded for re-sentencing. Re-sentencing must be conducted on the record in accordance with the sentencing code and settled precedent, including a proper calculation of the prior record score, consideration of mitigating and aggravating circumstances, and thoughtful consideration of the sentencing guidelines.[4]

We note that we are vacating the judgment of sentence in its entirety as our disposition may have upset the sentencing scheme. **See** **Commonwealth v. Phillips**, 946 A.2d 103, 115 (Pa. Super. 2008) ("If a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand.").

---

[4] We note that the trial court's Pa.R.A.P. 1925(a) opinion contains a detailed recitation of the applicable sentencing guidelines. A trial court cannot correct a sentencing omission by providing reasoning in its Rule 1925(a) opinion. This does not meet the statutory requirement of an *in-court* acknowledgement and consideration of the sentencing guidelines. **See** 42 Pa.C.S.A. § 9721(b); **Commonwealth v. Warren**, 84 A.3d 1092, 1098 (Pa. Super. 2014).

Convictions affirmed. Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015