J-S13045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :

               v.                        :
                                          :

GREGORY LINDEL BURNS JR.       :
                                          :

            Appellant           :      No. 1270 MDA 2021

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001105-2017

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                 **FILED MAY 03, 2022**

      Appellant, Gregory Lindel Burns, Jr., appeals from the order entered in

the Court of Common Pleas of Lebanon County, which denied Appellant's first

petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §

9541-9546. After a careful review, we affirm.

      The relevant facts and procedural history have been set forth previously

by this Court, in part, as follows:

> The charges stem from a June 12, 2017, vehicle stop of
> [Appellant's] car by a State Trooper.
>
> On November 27, 2017, [Appellant] filed omnibus pre-trial
> motions challenging the legality of the vehicle stop, his detention
> thereafter, and the subsequent search of his vehicle. [Appellant]
> sought the suppression of all evidence yielded by the vehicle
> search and of any statements he made during the detention. By
> order and opinion dated January 3, 2018, the trial court denied

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant's] pre-trial motions….The case then proceeded to a jury trial on May 24, 2018.

At trial, [the Commonwealth] called State Trooper Keith Rudy ("Trooper Rudy") who testified that on June 12, 2017, he was positioned in his cruiser along Interstate 78 monitoring traffic traveling westbound on the Interstate. Trooper Rudy noticed a silver Lexus with all of the windows tinted, and he pulled out from his position to effectuate a traffic stop, which he did at mile-marker 6. As Trooper Rudy approached the Lexus on the passenger side, he detected a strong odor of air freshener along with the faint odor of marijuana emanating from inside the vehicle. Trooper Rudy's experience informed him that these odors indicated the presence of marijuana in the vehicle. Trooper Rudy then returned to his vehicle with [Appellant's] driver's license and information and confirmed that [Appellant] was the registered owner of the vehicle. Upon returning to the vehicle, Trooper Rudy asked [Appellant] to exit the vehicle and move to the rear of [Appellant's] vehicle where Trooper Rudy informed [Appellant] that he detected the odor of marijuana in the vehicle. [Appellant] responded that there was nothing in the car, but that he also smelled something "funny" in the vehicle. [Appellant] further explained to Trooper Rudy that he owned the vehicle for about a year and that he operated a mobile detailing business in which he would lend his vehicle to customers to use.

During the interaction, Trooper Rudy described [Appellant's] demeanor as nervous noting that [Appellant's] hands were shaking and [Appellant] dropped his keys at one point during the conversation. [Appellant's] level of nervousness did not deescalate throughout the interaction. When Trooper Rudy asked [Appellant] if he could search the vehicle, [Appellant] responded that Trooper Rudy could search his person, but [he] denied consent to search the vehicle. Trooper Rudy then called for a K-9 officer to the scene. When the K-9 officer arrived, it failed to indicate any drugs in the vehicle. However, Trooper Rudy explained that several factors, including the amount of air escaping from the vehicle, masking agents, and air fresheners, [as well as] the fact methamphetamine is the hardest drug for a K-9 officer to detect, would cause the K-9 officer not to detect drugs.

Based on his observation and experience, Trooper Rudy believed there were illegal drugs in the vehicle and decided to conduct a search of the vehicle. Upon searching the vehicle, Trooper Rudy found $6,700.00 in the center console, which

[Appellant] had disclosed was located in the car. Next, Trooper Rudy found marijuana residue, in the form of marijuana stems, under the driver's seat in the glove box on the floor of the vehicle. In the rear of the vehicle, on the passenger side, Trooper Rudy found a McDonald's bag with some trash and three small plastic bags filled with a white crystal-like substance, which Trooper Rudy recognized as methamphetamine. Trooper Rudy then found two bottles of air freshener-one that was full and another that was approximately a third full.

Trooper Rudy was then qualified as [an] expert in the area of personal use of drugs versus possession with intent to distribute. Trooper Rudy testified that his training and experience in narcotics investigations, his observation of the amount of methamphetamine, the lack of use paraphernalia in the vehicle, the amount of cash that [Appellant] had in the car with him, along with the air fresheners and odor of marijuana, led him to the opinion that [Appellant] was in the possession of the illegal drugs with the intent to deliver versus for personal use.

The Commonwealth and [Appellant] stipulated that the baggies containing the white crystalline substance found in [Appellant's] vehicle were properly sent to the Pennsylvania State Police Laboratory for examination and analysis. Furthermore, the parties stipulated that the results of the analysis indicated that the substance contained in the baggies was methamphetamine.

[Appellant] testified that he is a licensed auction dealer and that on June 12, 2017, he was on his way to a car auction in Grantville, Pennsylvania, and that is why he had such a large amount of cash in the vehicle. [Appellant] then explained that he operates a mobile car detailing business in which he takes a customer's car and lends the customer his personal vehicle while he is detailing the customer's car. [Appellant] stated that he most recently lent his vehicle to a customer on the Sunday prior to June 12, 2017, and that he had not had an opportunity to clean the vehicle out since that time.

The jury convicted Appellant of [possession with the intent to deliver methamphetamine, possession of marijuana, and possession of drug paraphernalia,] and Appellant was sentenced on July 11, 2018. Appellant filed a timely post-sentence motion challenging the sufficiency and weight of the evidence. The trial court entered an order denying Appellant's motion[,] and Appellant filed a [timely] notice of appeal and statement of errors complained of on appeal[.]

*Commonwealth v. Burns*, 2093 MDA 2018, at 1-4 (Pa.Super. filed 10/30/19) (unpublished memorandum) (citation to record omitted) (footnote omitted).

On direct appeal, Appellant contended the evidence was insufficient to sustain his convictions, the jury's verdicts were against the weight of the evidence, and "the current law needs to be changed to deny probable cause search of a vehicle when the smell of marijuana is present[.]" *Id.* at 4 (citation omitted). This Court found Appellant's sufficiency and weight claims to be meritless, as well as his vehicle search claim to be waived and/or meritless.[1] Thus, we affirmed his judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 9, 2020, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed to assist Appellant. On March 11, 2021, counsel filed an amended PCRA petition. On June 3, 2021, the PCRA court held an evidentiary hearing, and on September 29, 2021, the PCRA court denied Appellant's PCRA petition. This timely, counseled notice of appeal followed. On October 15, 2021, the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and counsel timely complied.

---

[1] Regarding the suppression issue, this Court specifically held the record demonstrated the police had probable cause to search Appellant's vehicle based upon the detection of the odor of marijuana. *See id.*

- 4 -

On November 8, 2021, Appellant filed in this Court a motion to remove appellate counsel and proceed *pro se* on appeal. By order filed on November 15, 2021, this Court remanded the matter and directed the PCRA court to hold a ***Grazier***[2] hearing regarding Appellant's request to proceed *pro se*. Following a hearing, on November 30, 2021, the PCRA court filed an order indicating Appellant knowingly, intelligently, and voluntarily waived his right to counsel on appeal and desired to proceed *pro se*.

On December 16, 2021, Appellant filed a motion to file an amended Pa.R.A.P. 1925(b) statement *pro se*, and on December 20, 2021, this Court remanded this matter for the PCRA court to rule on Appellant's request. On December 22, 2021, the PCRA court granted Appellant's request to file an amended Rule 1925(b) statement, and on December 30, 2021, Appellant filed a *pro se* statement. On January 3, 2022, the PCRA court filed a responsive Rule 1925(a) Opinion.

On appeal, Appellant presents the following issues in his "Statement of Questions Involved" (verbatim):

1. Whether the trial court erred when it denied Appellant's claim that his appeal rights be reinstated since the trial court justified its decision by saying Appellant failed to articulate any meritorious issues.
2. Whether the trial court erred when it held that appellate counsel consulted with Appellant, when the consultation, if it did take place, only advised Appellant it was up to him to decide whether or not to appeal.

---

[2] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

3. Whether PCRA counsel was ineffective for not alleging that trial counsel was ineffective for not raising the claim that the trial court erred when it held that the Trooper had reasonable basis to stop the Appellant's vehicle.

4. Whether PCRA counsel was ineffective when he failed to allege that appellate counsel was ineffective when he raised a medical marijuana claim that had not been preserved in any way.

5. Whether PCRA counsel was ineffective for not alleging that trial counsel was ineffective when she failed to object to expert testimony by a witness, who was not qualified as an expert in that subject, and to ask Appellant about his post arrest silence.

6. Whether PCRA counsel was ineffective when he filed an amended PCRA petition and signed the verification claim that Appellant was not available.

Appellant's Brief at 2 (suggested answer omitted).

Initially, we note that our standard of review for an order denying PCRA relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *Commonwealth v. Sattazahn*, 597 Pa. 648, 952 A.2d 640, 652 (2008). "We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa.Super. 2009) (citation omitted).

In reviewing Appellant's ineffective assistance of counsel claims, we are mindful that, since there is a presumption counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282 (2010). To prevail on an ineffective assistance claim, a defendant must establish "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by

counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.***, ***supra***, 10 A.3d at 291 (citations omitted). Notably, "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Johnson***, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (citation omitted).

Moreover, as a prefatory matter, we note that "[t]o succeed on an allegation of…counsel's ineffectiveness…[an appellant] must, at a minimum, present argument relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 579 Pa. 490, 856 A.2d 806, 812 (2004) (citations omitted). An appellant does not preserve a claim of ineffectiveness merely by focusing his attention on whether counsel was ineffective; but rather, he must also present argument as to how the second and third prongs are met with regard to the claim. ***See id.*** "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the appellant's] burden of establishing that he is entitled to any relief." ***Commonwealth v. Bracey***, 568 Pa. 264, 795 A.2d 935, 940 n.4 (2001).

In his first issue, Appellant contends the PCRA court erred in denying his request for the reinstatement of his direct appeal rights. We find this issue to be waived.

On appeal, Appellant's entire argument is as follows:

> The trial court erred when it denied Appellant's claim that his direct appeal rights be reinstated since the court justified it's [*sic*] decision by saying Appellant failed to articulate any meritorious issues, when the claims raised only have to not be frivolous. **Roe**, at 485-486.[3] No lawyer representing this Appellant has filed a **Finley**[4] letter, or similar document, so this rational [*sic*] for not granting reinstatement of Appellant's appeal rights should be rejected.

Appellant's Brief at 9-10 (footnotes added).

It is well-settled that the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119. **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) (citation omitted). "[A]rguments which are not appropriately developed are waived." **Lackner v. Glosser**, 892 A.2d 21, 29–30 (Pa.Super. 2006) (citations omitted). "When issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Commonwealth v. Maris,** 629 A.2d 1014, 1017 (Pa.Super. 1993).

---

[3] We conclude Appellant is referring to **Roe v. Flores-Ortega**, 528 U.S. 470, 120 S.Ct. 1029 (2000).

[4] We conclude Appellant is referring to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Here, as to his first issue, Appellant presents one paragraph of argument in which he baldly asserts the PCRA court erred. He does not develop his argument or cite to the appropriate portions of the record pursuant to Pa.R.A.P. 2119(a)-(c). The defect in his brief precludes us from conducting meaningful appellate review of his first issue. *In re W.H.*, 25 A.3d 330, 339 n.3 (Pa.Super. 2011) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived."). Thus, we find Appellant's issue to be waived.[5]

In his second issue, Appellant contends trial counsel was ineffective in failing to consult with Appellant as to whether he desired to file a petition for allowance of appeal.

_____

[5] In any event, we note Appellant has misconstrued the PCRA court's holding. As the PCRA court suggested, a counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. **See** PCRA Court Opinion, filed 9/29/21, at 4-5; **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564, 572 (1999). However, to establish *per se* ineffectiveness, the petitioner must prove that he requested a direct appeal, and counsel disregarded the request. **Commonwealth v. Bath**, 907 A.2d 619 (Pa.Super. 2006). These principles are applied to the claim that trial counsel was ineffective in failing to file a petition for allowance of appeal. **Id.** In the case *sub judice*, after the evidentiary hearing, the PCRA court found Appellant never requested that counsel file a petition for allowance of appeal. PCRA Court Opinion, filed 9/29/21, at 4. Thus, the PCRA court rejected Appellant's claim. Moreover, to the extent Appellant contends his trial counsel failed to consult adequately with him regarding the filing of a petition for allowance of appeal, the issue is addressed *infra*.

With regard to counsel's duty to consult, this Court has held as follows:

[Case law] imposes a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal…such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal.

**Commonwealth v. Ousley**, 21 A.3d 1238, 1244-45 (Pa.Super. 2011).

Pursuant to [**Roe v. Flores-Ortega**, 528 U.S. 470, 120 S.Ct. 1029 (2000), and its Pennsylvania expression, **Commonwealth v. Touw**, 781 A.2d 1250 (Pa.Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." [**Id.**] at 1254 (quoting **Roe**[, **supra**] at 480, 120 S.Ct. [at 1036]).

**Bath**, 907 A.2d at 623. These principles extend to the duty to consult regarding the filing of a petition for allowance of appeal. **See id.** "This does not require [an] appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that [an] appellant must show that any issue rises above frivolity." **Id.** at 624. Alternatively, an appellant may establish the duty to consult by reasonably demonstrating to counsel he was interested in filing a petition for allowance of appeal. **Id.**

Here, in rejecting Appellant's claim, the PCRA court concluded that Appellant failed to demonstrate trial counsel had a constitutional duty to consult with Appellant about further review (*i.e.*, no rational defendant would want to file a petition for allowance of appeal since there existed no

nonfrivolous issues and/or Appellant did not reasonably demonstrate to counsel his interest in filing a petition for allowance of appeal). *See* PCRA Court Opinion, filed 9/29/21, at 3-5. Alternatively, the PCRA court found that, assuming, *arguendo*, Appellant established a constitutional mandate to consult existed in this case, trial counsel fulfilled this duty by adequately consulting with Appellant about the advantages and disadvantages of filing a petition for allowance of appeal.

On appeal, Appellant's appellate argument focuses entirely on the PCRA court's holding that trial counsel fulfilled his duty by adequately informing Appellant of the advantages and disadvantages of seeking review. *See* Appellant's Brief at 10. That is, Appellant contends trial counsel did not discuss the "advantages of disadvantages," but he merely informed Appellant it was his choice as to whether he wanted to file a petition for allowance of appeal. *Id.*

Assuming, *arguendo*, Appellant correctly asserts trial counsel did not adequately discuss the "advantages or disadvantages" so as to fulfill a constitutional duty to consult, Appellant is not otherwise entitled to relief on his claim of ineffective assistance of trial counsel. Specifically, Appellant has failed to develop any claim that a rational defendant would have wanted to file a petition for allowance of appeal due to the existence of nonfrivolous grounds and/or he reasonably demonstrated to trial counsel that he was interested in seeking further review. Absent pleading and proving either of

these factors, Appellant cannot demonstrate his ineffectiveness claim has arguable merit.[6] *See Bath*, *supra*. Thus, we conclude Appellant is not entitled to relief. *Johnson*, *supra*, 139 A.3d at 1272 ("Counsel cannot be deemed ineffective for failing to raise a meritless claim.") (citation omitted)).

In his third issue, Appellant contends PCRA counsel was ineffective in failing to allege that trial counsel was ineffective in failing to raise on direct appeal a specific suppression issue. Specifically, Appellant contends trial counsel should have raised on direct appeal the issue of whether the trooper had reasonable suspicion to stop Appellant's vehicle, and PCRA counsel should have raised in the amended PCRA petition trial counsel's ineffectiveness in omitting this claim on direct appeal. Assuming Appellant has adequately preserved and developed this claim of ineffective assistance of PCRA counsel on appeal, *see Commonwealth v. Bradley*, ___ Pa. ___, 261 A.3d 381 (2021) (holding a PCRA petition may raise claims of PCRA counsel's

---

[6] In any event, we note that, during the PCRA evidentiary hearing, trial counsel's testimony established there was no constitutional mandate to consult with Appellant about filing a petition for allowance of appeal. *See Bath*, *supra*. Specifically, trial counsel testified that, after he received this Court's decision, he reviewed Appellant's case and determined there were no nonfrivolous grounds for filing a petition for allowance of appeal. N.T. 6/3/21, at 6. He further testified he mailed a copy of this Court's decision to Appellant, informed him of his right to file a petition for allowance of appeal, and told Appellant he would seek further review if Appellant wished to do so. *Id.* Trial counsel confirmed Appellant never responded to his letter, and Appellant did not otherwise express any interest in filing a petition for allowance of appeal. *Id.* at 9. The PCRA court accepted trial counsel's testimony as credible, and we are bound by such findings. *See Scassera*, *supra*.

ineffectiveness for the first time on collateral appeal), we conclude there is no arguable merit to Appellant's underlying substantive claim. Thus, Appellant is not entitled to relief.

In reviewing a suppression claim, our review is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. **Commonwealth v. Smith**, 164 A.3d 1255, 1257 (Pa.Super. 2017) (citation omitted).

> Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where…the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

**Id.**

"[I]t is the sole province of the suppression court to weigh the credibility of witnesses," and "the suppression court judge is entitled to believe all, part or none of the evidence presented." **Commonwealth v. Blasioli**, 685 A.2d 151, 157 (Pa.Super. 1996) (citation omitted). Importantly, our review is limited to the suppression record. **In re L.J.**, 622 Pa. 126, 79 A.3d 1073, 1085 (2013).

- 13 -

In the case *sub judice*, the trooper stopped Appellant's Lexus for a window-tint violation under 75 Pa.C.S.A. § 4524(e)(1). Relevantly, the statute provides the following:

**(e) Sun screening and other materials prohibited.--**

(1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.

(2) This subsection does not apply to:

(i) A vehicle which is equipped with tinted windows of the type and specification that were installed by the manufacturer of the vehicle or to any hearse, ambulance, government vehicle or any other vehicle for which a currently valid certificate of exemption has been issued in accordance with regulations adopted by the department.

(ii) A vehicle which is equipped with tinted windows, sun screening devices or other materials which comply with all applicable Federal regulations and for which a currently valid certificate of exemption for medical reasons has been issued in accordance with regulations adopted by the department.

75 Pa.C.S. § 4524(e)(1), (e)(2)(i)-(ii) (bold in original).

There is no measurable amount of tint that renders a vehicle with tinted windows illegal in Pennsylvania. Tint is illegal if, from point of view of the officer, he or she is unable to see inside of a vehicle through the windshield, side wing, or side window. There is no legislative history surrounding the passage of Section 4524 to elucidate the reason for this subjective standard.

***Commonwealth v. Cartagena***, 63 A.3d 294, 305 n.26 (Pa.Super. 2013) (*en banc*) (citations omitted).

Here, Appellant avers the trooper needed "reasonable suspicion" that his Lexus was in violation of Section 4524(e)(1), and "there was no

- 14 -

reasonable suspicion to justify stopping Appellant's vehicle."[7]  Appellant's

Brief at 11.  We disagree.

At the suppression hearing,[8] Trooper Keith Rudy testified he observed

a silver Lexus traveling on Interstate 78 during daylight hours, and the Lexus

had "dark-tinted windows.  All sides and rear were tinted."  N.T., 10/18/17,

at 5.  He testified the "tint is illegal in Pennsylvania[,]" and because of the

_____

[7] Notably, this Court has held:
> [T]he appropriate quantum of cause necessary to validate a traffic stop based on a violation of Section 4524(e)(1) is dependent on the specific facts of each case. In some situations…a probable cause standard will apply because the officer's testimony establishes that a window-tint violation was immediately apparent to the officer, and no further investigatory purpose was served by the traffic stop.  In other cases…a reasonable suspicion standard could apply because the officer's testimony demonstrates that he or she stopped the vehicle to get a closer and/or unobstructed view of the windows, in further investigation of whether the tint violates Section 4524(e)(1).  Accordingly, [we] do not…preclude[] application of a reasonable suspicion standard to a stop for a window-tint violation, if the specific facts of the case demonstrate that an investigatory purpose was served by the stop.

**Commonwealth v. Prizzia**, 260 A.3d 263, 269 n.2 (Pa.Super. 2021).  In the case *sub judice*, Appellant argues the troper needed "reasonable suspicion" to stop his vehicle for a violation of Section 4524(e)(1).  Appellant's Brief at 10-11.  Appellant has developed no argument with regard to whether the higher quantum of "probable cause" is applicable. In any event, to the extent the probable cause standard is applicable, we conclude the suppression court's factual findings, as discussed *infra*, support the conclusion the trooper had probable cause to stop Appellant's vehicle for a violation of Section 4524(e)(1). **See Prizzia**, 260 A.3d at 270 ("[T]o possess probable cause that a vehicle is in violation of Section 4524(e)(1), an officer must only observe that the tint on the vehicle's windows is so dark that it prohibits the officer from seeing inside the car.") (citation omitted)).

[8] We note trial counsel filed a pre-trial motion challenging the initial stop of Appellant's vehicle.

tint, he was not able to see into the vehicle when it passed him. ***Id.*** at 5-6. Accordingly, he initiated a stop of the Lexus for a window-tint violation. ***Id.*** at 7. The suppression court found Trooper Rudy's testimony to be credible, and based thereon, the suppression court determined the trooper properly stopped Appellant's Lexus.

The record supports the suppression court's factual findings, and we discern no legal error. Thus, as there is no arguable merit to the suppression issue, trial counsel may not be deemed ineffective for failing to raise the issue on direct appeal. ***Johnson***, ***supra***, 139 A.3d at 1272 ("Counsel cannot be deemed ineffective for failing to raise a meritless claim.") (citation omitted)). Consequently, PCRA counsel may not be deemed ineffective for failing to raise prior counsel's omission.[9] ***See Commonwealth v. Paddy***, 609 Pa. 272, 15 A.3d 431 (2011) (where underlying claim of appellate counsel ineffectiveness cannot succeed, the derivative claim of PCRA counsel ineffectiveness likewise cannot succeed).

In his fourth issue, Appellant contends PCRA counsel was ineffective when he failed to allege that trial counsel was ineffective when she raised a

_____

[9] Our Supreme Court has recognized "the inability of a petitioner to prove each prong of the ***Pierce*** test in respect to [appellate] counsel's purported ineffectiveness alone will be fatal to his layered ineffectiveness claim." ***Commonwealth v. Tedford***, 598 Pa. 639, 960 A.2d 1, 13 (2008).

medical marijuana claim that had not been preserved in any way. We find this issue to be waived.

Appellant's entire argument regarding this issue is as follows (verbatim):

> PCRA counsel was ineffective when he failed to allege that appellate counsel was ineffective when she raised an issue that this Court held, in the October 30, 2019, Memorandum, had not been preserved in any way, which claim was about medical marijuana, and was waived because the argument is woefully underdeveloped and is unsupported by any relevant authority. (Mem. at 7-8). ***Commonwealth v. Peterson***, 193 A.3d 1123, 1131 (Pa. 2017).[10]

Appellant's Brief at 11 (footnote added).

Appellant's argument is not sufficiently developed, and the defects preclude us from conducting meaningful appellate review of the issue. ***See In re W.H.***, ***supra***; ***Maris***, ***supra***. ***See also Bracey***, ***supra*** (pertaining to the requirement of the development of each prong of the ineffectiveness test). Thus, we find the issue to be waived.[11]

---

[10] This appears to be an improper citation as there is no case with the name "Commonwealth v. Peterson" at 193 A.3d 1123.

[11] Appellant seems to suggest PCRA counsel should have alleged the ineffectiveness of trial counsel as it pertains to the manner in which trial counsel litigated the issue of whether the odor of marijuana may form the basis for probable cause to search a vehicle. Appellant suggests trial counsel was ineffective on direct appeal since this Court found the suppression issue waived since it was neither raised in the Pa.R.A.P. 1925(b) statement nor properly developed in the appellate brief. We note that, although we found the underlying substantive suppression issue waived on direct appeal, we also provided an "in the alternative" rationale for finding the suppression issue to

*(Footnote Continued Next Page)*

In his fifth claim, Appellant contends PCRA counsel was ineffective for failing to allege that trial counsel was ineffective in failing to object to expert testimony by a witness, as well as failing to object to the prosecutor asking Appellant about his post arrest silence. We find this claim to be waived.

Appellant's entire argument as to this issue is as follows (verbatim):

> PCRA counsel was ineffective when he failed to allege trial counsel was ineffective when she failed to object (a) to the presentation of expert testimony by a witness who was not qualified as an expert on the issue about why a trained canine would not alert for less than one gram of marijuana that the trooper claimed he could smell, and: (b) when the prosecutor asked Appellant about his post arrest silence, which was a violation of defendant's right to not testify, as is explained in the case of **Wainwright v. Greenfield**, 474 U.S. 284 (1984).

> Appellant was prejudiced because there was no advance notice, as required by Pa.R.Crim.P. 573(B)(1)(e) & (B)(2)(b), that this counter intuitive testimony, which infers that a human is better equipped to identify the presence of marijuana than a canine trained for that purpose. This surprise testimony, which the Defendant was unprepared for and unable to refute.

> Furthermore, Pa.R.E. 701 indicates that opinion testimony by a lay witness is only permitted if the testimony is not based on scientific, technical or other specialized knowledge.

Appellant's Brief at 12.

---

be meritless. **See Commonwealth v. Burns**, No. 2093 MDA 2018, at 7-8 (Pa.Super. filed 10/30/19) (unpublished memorandum). **Johnson**, **supra**, 139 A.3d at 1272 ("Counsel cannot be deemed ineffective for failing to raise a meritless claim.") (citation omitted)); **Tedford**, **supra** (holding where each prong of **Pierce** test as to an appellate counsel's purported ineffectiveness is not met, the layered ineffectiveness claim must fail).

Appellant's argument is not sufficiently developed, and the defects preclude us from conducting meaningful appellate review of the issue. *See In re W.H.*, *supra*; *Maris*, *supra*. *See also Bracey*, *supra* (pertaining to the requirement of the development of each prong of the ineffectiveness test). Accordingly, we find the issue to be waived.

In his final claim, Appellant contends PCRA counsel was ineffective in filing an amended PCRA petition and signing the verification form indicating that Appellant was "unavailable to verify this Petition promptly[.]" Amended PCRA Petition, filed 3/11/21, verification. Appellant asserts "there was no reason that Appellant could not sign the verification." Appellant's Brief at 12.

Assuming, *arguendo*, there is arguable merit to his claim, Appellant is not entitled to relief. Simply put, he has not explained how he was prejudiced by counsel signing the verification form indicating that the statements made in the amended PCRA petition were true and that counsel was authorized to file the petition on Appellant's behalf. *See* Pa.R.Crim.P. 902(a)(14) (pertaining to verification on PCRA petitions).

For all of the foregoing reasons, we affirm the PCRA court's denial of Appellant's first PCRA petition. Moreover, to the extent we deemed Appellant's issues to be waived, we note that, although we recognize that Appellant is proceeding *pro se* in this matter, his status as a *pro se* litigant does not alter our determination or relieve him of his responsibility to properly raise and develop appealable claims. As this Court has held:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because he lacks legal training. As our Supreme Court has explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

*Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996).[12]

---

[12] On April 14, 2022, Appellant filed an application for a remand for an evidentiary hearing based on the discovery of "new evidence." Specifically, Appellant contends that, after he filed the instant notice of appeal, he sent a letter to prison officials on October 11, 2021, to determine whether he received any legal mail from October 30, 2019, to December 16, 2019. Appellant indicates that, on January 20, 2021, he received a letter from a prison official confirming he received no legal mail during this period. Appellant contends this "new evidence" impeaches trial counsel's testimony at the PCRA hearing wherein counsel indicated he mailed Appellant a letter, which provided notice of this Court's October 30, 2019, memorandum affirming Appellant's judgment of sentence. Appellant suggests he is entitled to a new PCRA evidentiary hearing to present this "after-discovered evidence." We dispose of this assertion simply by noting that Appellant has not met the requirements for "after-discovered" evidence. *See Commonwealth v. Small*, 647 Pa. 423, 189 A.3d 961 (2018) ("To receive a new trial based on after-discovered evidence, the four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence, (2) is not merely corroborative or cumulative, (3) will not be used solely to impeach the credibility of a witness, and (4) would likely result in a different verdict if a new trial were granted.") (citation omitted)). To the extent Appellant attempts to couch this as a claim of PCRA counsel's ineffectiveness in failing to discover the "new evidence," *see* Appellant's Application for Remand, filed 4/14/22, at 4, Appellant has not developed the claim in any meaningful manner. Simply citing to *Bradley*, *supra*, for the proposition that he may raise PCRA counsel's ineffectiveness for the first time on appeal, and noting he was represented by PCRA counsel during the evidentiary hearing, does not satisfy Appellant's burden of establishing he is entitled to any relief. *See Bracey*, *supra* (holding undeveloped arguments that fail to discuss and apply the standard governing the review of ineffectiveness claims, do not satisfy the appellant's burden of establishing that he is entitled to any relief).

Affirmed; "Application for Remand" filed on April 14, 2022, is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/03/2022