COMMONWEALTH of Pennsylvania,
Appellee

v.

Robert Starr SCASSERA, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 25, 2008.
Filed Jan. 5, 2009.

Steven Valsamidis, Monaca and Diana Stavroulakis, Pittsburgh, for appellant.

Ahmed T. Aziz, Asst. Dist. Atty., Beaver, for the Com., appellee.

BEFORE: BENDER, FREEDBERG, and POPOVICH, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 This matter is before the Court on Robert Starr Scassera's appeal from the order of the Court of Common Pleas of Beaver County denying his amended petition under the Post–Conviction Relief Act ("PCRA"). We reverse the order, vacate sentence, and remand.

¶ 2 On May 16, 2000, Appellant was convicted after a jury trial of robbery, 18 Pa.C.S.A. § 3701(a)(1)(iii), and recklessly endangering another person, 18 Pa.C.S.A. § 2705. Appellant was sentenced on June 26, 2000, to ten to twenty years imprisonment for the robbery conviction; no further sentence was imposed for the recklessly endangering another person conviction. Post-sentence motions were denied, and appeal was taken to this Court. Appellant raised fourteen issues on direct appeal, including a claim that the trial court abused its discretion in sentencing Appellant. This Court affirmed judgment of sentence on December 5, 2001. Thirteen of fourteen issues were disposed of, including the claim regarding the discretionary aspects of sentencing.[1] While this Court disposed of the claim relating to the discretionary aspects of sentencing, we did so on finding of waiver. Specifically, after first noting that "a claim that the lower court erred when calculating a prior record score presents a substantial question that the lower court abused its discretion", we found the claim waived because "review of Appellant's brief and of the certified record reflects no reference to supporting documentation regarding the prior convictions that would sustain Appellant's claim." *Commonwealth v. Scassera*, 792 A.2d 1287 (Pa.Super.2001) (unpublished memorandum) at 17–18. We concluded

---

1. One final claim, alleging ineffective assistance of counsel in relation to pre-trial matters, was remanded. An evidentiary hearing was held, and the claim of ineffective assistance was denied. That order was affirmed by this Court on September 18, 2003.

discussion of this issue by stating: "In this case, Appellant has failed to provide the necessary documentation for review. Because our review of the issue is dependent upon materials that are not provided in the certified record, we cannot consider this claim. Thus, this claim is waived." *Scassera,* 792 A.2d 1287 (unpublished memorandum) at 19.

¶ 3 Appellant then filed a timely *pro se* PCRA petition on August 16, 2004. An amended, counseled PCRA petition was filed on September 4, 2007. The amended petition alleged that initial direct appeal counsel was ineffective for failing to make sure that this Court had before it a complete record upon which this Court could review the claim relating to the discretionary aspects of sentencing. A hearing was held February 28, 2008. At hearing the PCRA court heard testimony from a probation officer regarding calculation of the prior record score and testimony from initial direct appeal counsel. The amended petition was denied on February 29, 2008. In denying the amended petition, the PCRA court stated that proper record documentation was submitted to this Court on direct appeal and that "merely because the Superior Court failed to review the complete record and instead found this claim to be waived does not warrant this Court finding on the state of this record that appellate counsel's representation was legally deficient or inadequate." The PCRA court then stated that it had "repeatedly enunciated, it was not the intent of the Court at the time of sentencing to sentence defendant in the standard range nor the aggravated range of sentences pursuant to the Sentencing Code" and that the "sentencing scheme" was to sentence "beyond the recommended ranges of the sentencing guidelines *regardless of the prior record score.*" (emphasis added) This appeal followed.

¶ 4 Appellant raises two issues for our review:

I. The PCRA Court erred in determining that prior appellate counsel was not ineffective for failing to identify and/or to include necessary information within the certified record on direct appeal, which was relevant to an issue involving the discretionary aspect of sentencing.

II. The PCRA Court erred in refusing to vacate the judgment of sentence and to resentence Appellant, where counsel established that incorrect sentencing guidelines had been relied upon by the Court at the time of sentencing.

Brief for the Appellant, at 6.

¶ 5 Our review of an order granting or denying PCRA relief is limited to determining whether the decision of the PCRA court is supported by the record and whether the decision of the PCRA court is free of legal error. *Commonwealth v. Bath,* 907 A.2d 619, 621–622 (Pa.Super.2006). We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record. *Commonwealth v. Wilson,* 824 A.2d 331 (Pa.Super.2003). With regard to Appellant's first issue, the ineffectiveness of direct appeal counsel claim, it was improper for the PCRA court to reevaluate the completeness of the record which had been submitted to this Court on direct appeal. Under the law of the case doctrine, a lower "court may not alter a legal question decided by an appellate court in the matter." *Commonwealth v. Santiago,* 822 A.2d 716, 724 (Pa.Super.2003); *see Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326, 1331 (1995) (explaining the law of the case doctrine as "a body of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or

by a higher court in the earlier phases of the matter").

¶ 6 The issue before the PCRA court with respect to the inadequacy of the record was whether direct appeal counsel had a valid explanation for not having provided a sufficient record for this Court to determine the sentencing issue on the merits. It was not within the purview of the PCRA court to decide this Court had ruled incorrectly when it held that the record was insufficient to permit review.

¶ 7 The Supreme Court of Pennsylvania set forth the appropriate standard of review for ineffective assistance of counsel claims as follows: "To prove counsel's ineffectiveness, appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice." *Commonwealth v. Williams,* 587 Pa. 304, 899 A.2d 1060, 1063 (2006) (citation omitted).

¶ 8 Because direct appeal counsel did not offer an explanation for not providing in proper form what this Court needed to conduct its review on the merits, we hold that petitioner was denied the effective assistance of counsel on direct appeal. Thus, he is entitled to relief pursuant to 42 Pa.C.S. § 9543(a)(2)(ii).

■■■ ¶ 9 Because a sufficient record was made before the PCRA court on the merits of the issue of whether there was an abuse of discretion in sentencing, we address that issue. The sentencing court committed an abuse of discretion and reversible error in sentencing Appellant. The sentencing court stated that it intended to sentence Appellant to the statutory maximum sentence without undertaking the elemental exercise of properly calculating and considering the Appellant's prior record score. At the sentencing proceeding, the prior record score was reported as

"REVOC." On recalculation, it appears that the correct prior record score is four. Notes of Testimony, PCRA Hearing, 2/28/08, at 34. In its 1925 Opinion, the sentencing court stated, "[i]t was this Court's intent to sentence Appellant beyond the recommended ranges, but within legal limits, regardless of the prior record score." Imposing sentence in such a manner is in derogation of the Sentencing Code and settled precedent. *See* 42 Pa. C.S.A. § 9721(b); 9781(d); *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). In *Walls,* at 964–65, the Supreme Court stated:

> ... we reaffirm that the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered ... (underlining added)

"The sentencing court must *consider* the sentencing guidelines, and the consideration must be more than mere fluff." *Commonwealth v. Wilson,* 946 A.2d 767, 769 (Pa.Super.2008) (emphasis in original). While the guidelines are advisory and nonbinding, a sentencing court must ascertain the correct guideline ranges before deciding that a departure is in order. *Commonwealth v. Archer,* 722 A.2d 203, 210 (Pa.Super.1998). A sentencing judge must demonstrate an awareness of the guideline sentencing ranges so that the appellate court can analyze whether the reasons for a departure from the guideline ranges are adequate. *Commonwealth v. Johnson,* 446 Pa.Super. 192, 666 A.2d 690, 693–694 (1995).

■■ ¶ 10 The sentencing court in this case disregarded the error in calculating Appellant's prior record score because it chose not to consider the sentencing guide-

lines; rather it determined that it would sentence Appellant to the maximum legal sentence. Failure to even consider the guideline ranges is an abuse of discretion and a violation of 42 Pa.C.S.A. § 9721(b). Therefore, Appellant's sentence must be vacated and the matter remanded for re-sentencing. The re-sentencing is to be conducted in accordance with the Sentencing Code and settled precedent, including proper calculation of the prior record score and thoughtful consideration of the sentencing guidelines. If after doing so, the sentencing judge concludes that a departure is appropriate, the stated reasons for the departure should be such as to enable this court to conduct a review on appeal.

¶ 11 Order reversed, sentence vacated, case remanded for re-sentencing. Jurisdiction relinquished.