J-A08042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL WALLACE | : | |
| | : | |
| Appellant | : | No. 471 EDA 2020 |

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011143-2012

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 4, 2021**

Appellant, Samuel Wallace, appeals from the December 13, 2019, order entered in the Court of Common Pleas of Philadelphia County, which dismissed Appellant's first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After a careful review, we affirm.

Appellant was charged with various sex offenses committed against the minor daughter of his girlfriend. This Court previously summarized the evidence offered at Appellant's jury trial and the procedural history, in part, as follows:

> In October 2011, [Appellant] and [H.C.] began a dating relationship. In February 2012, [Appellant] moved into [H.C.]'s house where [H.C.]'s daughters, K.C. and [M.], also resided. N.T., 09/19/2013, at 194-95. In June 2012, K.C., who was then 14 years old, attended a cookout at her aunt's house in Philadelphia

_____

* Former Justice specially assigned to the Superior Court.

in celebration of her eighth-grade graduation. At one point during the cookout, K.C. was upstairs watching television. [Appellant] came into the room where K.C. was watching television and started to tickle her all over her body. Although Appellant's tickling made her uncomfortable, K.C. did not tell anyone about the incident because she believed her mother was happy to be dating [Appellant]. *Id.* at 57-59, 158-60.

A few days later, K.C. was alone with her sister in her mother's apartment in Philadelphia. [Appellant] started to touch K.C., including kissing and blowing on her neck. K.C. went into a bathroom to get away from [Appellant] and closed the bathroom door. [Appellant] attempted to open the bathroom door, but he ultimately walked away. K.C. did not say anything to her mother about this incident because she was scared. *Id.* at 59-61, 160-61.

On June 17, 2012, K.C. moved into her grandmother's house in Philadelphia with her mother and sister. Around 9:00 p.m. or 10:00 p.m. that night, K.C. was downstairs watching a movie when [Appellant] came into the room and started to touch her all over her body, including her neck and chest. As he was touching her, [Appellant] was telling K.C. that she was beautiful. [Appellant] then took off his pants and put his penis in between her thighs. As he was behind her, he started to go back and forth with his penis between her thighs. Shortly thereafter, [Appellant] ejaculated into his hand and then ran into the kitchen. K.C. did not say anything to her mother about this incident because she was scared. *Id.* at 61-66, 142-52, 170-72.

On June 21, 2012, K.C. was sleeping in her grandmother's room with her sister when [Appellant] woke her up around 9:00 a.m. and told her to come to the middle bedroom. K.C.'s mother was not home at the time. When K.C. entered the middle bedroom, [Appellant] removed his pants and laid on top of her. K.C. was wearing a long t-shirt and underwear. [Appellant] removed K.C.'s underwear, pushed down on her shoulders with his hands, put her legs up in the air, and started thrusting with his penis back and forth into her vagina. [Appellant] stopped thrusting when he had ejaculated. K.C. did not consent to [Appellant] inserting his penis into her vagina. Later that same day, [Appellant] told K.C. that "we shouldn't be doing this anymore." K.C. did not say anything to her mother or grandmother about this incident because she was scared that [Appellant] would hurt her or her sister. *Id.* at 66-72, 167-69, 172-73. [However, K.C.'s mother read about the incidents in

- 2 -

K.C.'s diary, and she took K.C. to the Children's Hospital of Philadelphia, after which the police were contacted.]

On September 19, 2013, a jury found [A]ppellant guilty of unlawful contact with a minor, statutory sexual assault, corruption of minors, and indecent assault of a person under 16.[1] On January 17, 2014, [A]ppellant was sentenced to an aggregate of 7 to 20 years' imprisonment, which sentence was in the aggravated range of the Sentencing Guidelines. [A] timely appeal followed.

_____

1 18 Pa.C.S.A. §§ 6318(a)(1), 3122.1(b), 6301(a)(1)(i), and 3126(a)(8), respectively.

***Commonwealth v. Wallace***, No. 679 EDA 2014, at 1-3 (Pa.Super. filed 5/20/15) (unpublished memorandum) (footnote in original) (citation to record omitted).

On direct appeal, Appellant contended the trial court erred in overruling trial counsel's objection to the prosecutor's closing argument in which the prosecutor vouched for the victim's credibility, and the trial court abused its discretion in imposing a manifestly excessive sentence. Finding no merit to either issue, this Court affirmed Appellant's judgment of sentence. ***See id.***

Appellant filed a timely petition for allowance of appeal, which our Supreme Court denied on February 1, 2016. Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.[1]

_____

1 Since Appellant did not file a petition for a writ of *certiorari*, his judgment of sentence became final for PCRA purposes on Monday, May 2, 2016. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); U.S. Supreme Court Rule 13 (effective January
*(Footnote Continued Next Page)*

On May 1, 2017, Appellant filed a timely *pro se* PCRA petition,[2] and the lower court appointed counsel, who filed an amended PCRA petition on October 29, 2018. The Commonwealth filed a motion to dismiss Appellant's PCRA petition.

On December 13, 2019, the PCRA court granted Appellant collateral relief, in part, as it applied to Appellant's registration requirements under SORNA.[3] The PCRA court denied Appellant's PCRA petition in all other respects.

On December 13, 2019, Appellant filed a counseled notice of appeal. On December 23, 2019, the PCRA court filed a Pa.R.A.P. 1925(b) order. Therein, the lower court directed Appellant to file of record and serve upon the trial court a concise statement of errors complained of on appeal within twenty-one days of the order. The lower court warned Appellant that any issue not presented in the Rule 1925(b) statement shall be deemed waived.

_____

1, 1990) (stating that a petition for writ of *certiorari* to review a judgment of sentence is deemed timely when it is filed within 90 days); 1 Pa.C.S.A. § 1908 ("When any period of time is referred to in any statute, such period in all cases,…shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday,…such day shall be omitted from the computation.").

[2] A PCRA petition is timely if it is filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1).

[3] Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 to 9799.42.

Accordingly, the lower court's order complied with the mandates of Pa.R.A.P. 1925(b)(3).

Further, the record reveals that the Clerk of Courts mailed the lower court's Pa.R.A.P. 1925(b) order to Appellant's counsel on December 23, 2019, via regular mail. On December 24, 2019, Appellant's counsel filed a Rule 1925(b) statement in which he presented the sole issue:

1. The PCRA court erred in dismissing Appellant's PCRA Petition without a hearing because trial counsel was ineffective for failing to present character evidence in relation to [Appellant's] reputation for being non-violent, [Appellant] was prejudiced as a result, and this matter should be remanded for an evidentiary hearing and/or new trial. [Amended] PCRA Pet., at 4-8.

Appellant's Counseled Rule 1925(b) Statement, filed 12/24/19.

On May 12, 2020, the PCRA court filed a Rule 1925(a) opinion suggesting there is no merit to Appellant's claim.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

1) Did the PCRA court err in dismissing the PCRA petition without a hearing, where trial counsel was ineffective for failing to present character witnesses on Appellant's behalf at trial, who would have testified to the Appellant's reputation for being peaceful and non-violent, where the charges at issue were crimes of violence?

2) Was trial counsel ineffective for failing to present a defense expert in pediatrics and sexual assault of children, to rebut uncontested testimony of the Commonwealth's expert witness who asserted the absence of injuries was consistent with sexual intercourse/sexual assault, where the rebuttal of this testimony would have likely changed the outcome of the trial where no physical/medical existed that a sexual assault occurred, and where credibility was the central issue?

- 5 -

Appellant's Brief at 4.

In his first issue, Appellant contends trial counsel was ineffective in failing to call character witnesses who would have testified that Appellant has a reputation in the community as a peaceful, non-violent person. Specifically, Appellant asserts the character witnesses were known to trial counsel and available to testify.

In addressing the grant or denial of post-conviction relief, we consider whether the PCRA court's conclusions are supported by record evidence and are free of legal error. *Commonwealth v. Sattazahn*, 597 Pa. 648, 952 A.2d 640, 652 (2008). "We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa.Super. 2009) (citation omitted).

Because there is a presumption that counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282 (2010). To prevail on an ineffective assistance claim, a defendant must establish "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been

different." ***Id.***, ***supra***, 10 A.3d at 291 (citations omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Id.***

A defense counsel's failure to call a particular witness to testify does not constitute ineffectiveness *per se.* ***Commonwealth v. Cox***, 603 Pa. 223, 983 A.2d 666, 693 (2009) (citation omitted). "In establishing whether defense counsel was ineffective for failing to call witnesses, a defendant must prove the witnesses existed, the witnesses were ready and willing to testify, and the absence of the witnesses' testimony prejudiced petitioner and denied him a fair trial." ***Id.***

Further, a claim that counsel was ineffective for failing to call character witnesses lacks arguable merit where the trial court conducted a colloquy of the defendant at trial, and the defendant agreed with counsel's decision not to present such witnesses. ***See Commonwealth v. Pander***, 100 A.3d 626, 642 (Pa.Super. 2014) (*en banc*). "[A] defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision." ***Commonwealth v. Paddy***, 569 Pa. 47, 800 A.2d 294, 316 (2002) (citation omitted). Accordingly, "[a] defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel." ***Commonwealth v. Lawson***, 762 A.2d 753, 756 (Pa.Super. 2000).

In the case *sub judice*, at the close of the Commonwealth's case-in-chief at trial, the trial court conducted an oral colloquy of Appellant regarding the witnesses he intended to call to testify. Specifically, the following relevant exchange occurred:

> THE COURT: Do you understand you have the absolute right to testify in this matter?
>
> [APPELLANT]: Yes.
>
> THE COURT: And do you understand that it's your right and your right alone, it's not your attorney's right, it's your right to decide whether you wish to testify in this matter?
>
> [APPELLANT]: Yes.
>
> THE COURT: And have you talked with your attorney about your right to testify and perhaps strategic reasons, maybe why you would or would not want to testify?
>
> [APPELLANT]: Yes.
>
> THE COURT: Most recently, I think you did so this morning; am I right?
>
> [APPELLANT]: Yes.
>
> THE COURT: And have you reached a decision whether you wish to testify as part of this trial?
>
> [APPELLANT]: Yes, I have.
>
> THE COURT: And what is your decision?
>
> [APPELLANT]: That I would testify.
>
> THE COURT: Did anyone promise you or threaten you to make that decision?
>
> [APPELLANT]: No, sir.
>
> THE COURT: And I'll ask you one more time, do you wish to testify or not testify in this matter?
>
> [APPELLANT]: I wish to testify in this matter.
>
> **THE COURT: And other than your own testimony, is there any other witnesses that you wish to have testify on your behalf or other evidence you wish to have present that you haven't informed counsel?**

**[APPELLANT]: No, sir.**

**THE COURT: All right. So, it's just going to be your testimony and that's is?**

**[APPELLANT]: Yes, sir.**

**[DEFENSE COUNSEL]: Your Honor, just to address maybe something that you could have been getting at, is there are no other fact witnesses that I would present. But also, I am not in a position to present character testimony in this case.**

**THE COURT: I understand.**

N.T., 9/18/13, at 62-64 (bold added).

In rejecting Appellant's claim that counsel was ineffective in failing to call character witnesses, the trial court indicated the following:

> [T]he claim has no arguable merit because [Appellant] was colloquied [*sic*] by the trial court concerning whether [Appellant] would be presenting any witnesses, other than [Appellant's] own testimony at trial. [Appellant] responded, "No, sir." During the same exchange, trial counsel stated, "there are no other fact witnesses that I would present. But also, I am not in a position to present character testimony in this case." N.T. 09/18/13 at 63-64. Trial counsel made a strategic decision not to present testimony that [Appellant] was peaceful and law-abiding[, and Appellant agreed].

PCRA Court Opinion, filed 5/12/20, at 6.

We agree with the PCRA court's sound reasoning. Based on Appellant's representations at trial, to which he is bound, Appellant may not now assert that trial counsel was ineffective for failing to present character witnesses. ***See Pander***, ***supra***. Simply put, Appellant chose not to call the witnesses that he now faults trial counsel for failing to present at trial. However, Appellant may not now assert that trial counsel was ineffective for failing to

present additional witnesses where Appellant informed the trial court he did not wish to present any additional witnesses or evidence at trial. *See id.* Thus, his claim has no merit.

In his second issue, Appellant contends trial counsel was ineffective in failing to present a defense expert in pediatrics and sexual assault of children in order to rebut the Commonwealth's expert witness who asserted the absence of injuries was consistent with sexual intercourse/sexual assault. We find this issue to be waived for appellate review.

"[I]n order to preserve [] claims for appellate review, [an] appellant must comply whenever the trial court orders [the appellant] to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 780 (2005) (quotation marks and quotation omitted). *See* Pa.R.A.P. 1925(b)(4)(vii).

In the case *sub judice*, Appellant presented no claim in his court-ordered Rule 1925(b) statement with regard to trial counsel's failure to present a defense expert in pediatrics and sexual assault of children in order to rebut the Commonwealth's expert witness. Thus, this issue is waived on this basis. *See id.*

Finally, we note that, on January 23, 2021, Appellant filed a counseled document in this Court entitled "Application for a remand in order to file an

amended/supplemental PCRA petition-no defense expert."[4] Therein, Appellant admits he failed to include in either his *pro se* or counseled amended PCRA petition the claim that trial counsel was ineffective in failing to present an expert in pediatrics and sexual assault of children in order to rebut the Commonwealth's expert. Appellant requests we remand this case so that he may include trial counsel's alleged deficiency in a supplemental or amended PCRA petition.

Appellant has proffered no reason as to why this issue was not raised in his initial or supplemental PCRA petitions, and he has not otherwise demonstrated an entitlement to the relief requested. Further, as indicated *supra*, the issue is otherwise waived under Pa.R.A.P. 1925(b).[5] Accordingly, we deny the application.

Order Affirmed; Application for a remand in order to file an amended/supplemental PCRA petition-no defense expert is hereby Denied.

---

[4] On February 17, 2021, this Court filed a *per curiam* order deferring the motion to the merits panel.

[5] Appellant made no request to supplement his Rule 1925(b) statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/04/2021