J-S02001-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                             :            PENNSYLVANIA
                             :
           v.                  :
                             :
                             :
JONATHAN ROMERO              :
                             :
         Appellant       :    No. 1132 MDA 2022

Appeal from the Judgment of Sentence Entered May 19, 2022
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000144-2021

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED APRIL 25, 2023**

Jonathan Romero appeals from the judgment of sentence entered in the Huntingdon County Court of Common Pleas after Romero was convicted of possession of methamphetamine and possession of brass knuckles. On appeal, Romero only argues the trial court abused its discretion by imposing an excessive sentence. We affirm.

Romero was staying with some friends at a hotel and had several asthma attacks. During each attack, Romero's friends would call 911 requesting medical assistance. Emergency medical technicians responded each time. After the first two calls, Romero refused to be taken to the local hospital, and instead requested on-the-scene treatment with an albuterol inhaler.

After the third call, however, the EMTs informed him that they could not administer a third dose of albuterol and that policy required that Romero be taken to the hospital for observation. The EMT alleged that Romero possessed a baseball bat and a pocketknife, so he requested police assistance in dealing with Romero's refusal to go to the hospital.

Before the police arrived, however, the EMT was able to get Romero to surrender the bat and accompany him to the hospital in an ambulance. While en route to the hospital, the EMT contacted police dispatch to alert officers that Romero was no longer at the hotel and requested that the police instead respond to the hospital.

An officer was present as the ambulance arrived at the hospital. Given the EMT's statements and the hospital's policy forbidding the possession of weapons, the officer performed a pat-down search of Romero. The search revealed several other weapons including a set of brass knuckles, as well as a small glassine bag of crystal methamphetamine and a similar bag containing five fentanyl pills.

The Commonwealth charged Romero with one count of possession of methamphetamine, one count of possession of fentanyl with the intent to distribute, and one count of possession of a prohibited weapon (brass knuckles). A jury convicted Romero on the charges of possessing the methamphetamine and the brass knuckles but acquitted him of possessing the fentanyl with the intent to distribute.

The trial court sentenced Romero to an aggregate sentence of three to six years in prison. The court subsequently denied Romero's post-sentence motion, and this timely appeal followed.

Romero's sole issue on appeal is a claim the trial court abused its discretion in imposing sentence. **See** Appellant's Brief, at 8.[1] "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014). To challenge the discretionary aspect of a sentence, an appellant must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**See Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011).

_____

[1] We note that Romero's brief does not comply with our Rules of Appellate Procedure. Rule 2119(f) requires an appellant who raises a challenge to the discretionary aspects of his sentence to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal …". While Romero has a section titled "Concise Statement of the Reasons to Allow an Appeal to Challenge the Discretionary Aspects of Sentence," there is no separate section entitled "Argument." However, we decline to find Romero's challenge waived as the Commonwealth did not object and our review of whether he has raised a substantial question is not hindered by this violation.

Romero filed a timely notice of appeal. He also preserved his challenge to the discretionary aspects of his sentence in his post-sentence motion. And while his brief is defective, the defect is not fatal to our review. We therefore must determine whether Romero has raised a substantial question.

To raise a substantial question, Romero must advance a colorable argument that the court's sentencing was either: "(1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (citations omitted). Without a substantial question, Romero cannot establish this Court's jurisdiction to review his claim. ***See Allen***, 24 A.3d at 1064.

Here, Romero contends, among other allegations, that the sentence imposed was "highly excessive and well beyond the Sentencing Guidelines … [and] considered factors that were not proved at trial." Appellant's Brief, at 9. This claim raises a substantial question. ***See Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa. Super. 2001). We further note that there is no dispute that Romero was sentenced entirely outside the guidelines for the prohibited weapon conviction. ***See*** Commonwealth's Brief, at 8; Trial Court Opinion, 6/29/22, at 7.

Even if a substantial question is raised, the sentence will only be overturned if the record establishes the trial court abused its discretion by "ignor[ing] or misapply[ing] the law, exercis[ing] its judgment for reasons of

partiality, prejudice, bias or ill will, or arriv[ing] at a manifestly unreasonable decision." *Commonwealth v. Mouzon*, 828 A. 2d 1126, 1128 (Pa. Super. 2003). "[G]reat weight [is given] to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Id*. (citation omitted).

When imposing sentence, "the trial court is required to consider the particular circumstances of the offense and the character of the defendant," including reference to the "defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation." *Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa.Super. 2006). The sentencing guidelines are not mandatory and courts do not have a duty to impose sentences within their bounds. *See Commonwealth v. Archer*, 722 A.2d 203, 210 (Pa. Super 1998). This does not mean that the trial court may disregard the sentencing guidelines entirely, "and such consideration must be more than mere fluff." *Commonwealth v. Scassera*, 965 A.2d 247, 250 (Pa. Super. 2009) (citations omitted). Sentencing courts "must ascertain the correct guideline ranges before deciding that a departure is in order." *Id*. (citation omitted).

Here, the trial court explained numerous factors that influenced the sentencing decision: Romero's "violent history" and extensive criminal record; his actions of "running around the lobby of the [hotel] with a baseball bat[;]" his possession of "baseball bat, brass knuckles, a knife, and [5.5 grams] of

methamphetamine[;]" and his risk to the public, the tourism industry, and "the entire community." N.T., Sentencing, at 6-7. Furthermore, the trial court had the benefit of a presentence investigation report ("PSI"), which establishes that it was aware of relevant information regarding Romero's character and mitigating factors. *See Watson*, 228 A.3d at 936 (stating that where the trial court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed).

Finally, in its opinion, the trial court expanded on the extensiveness of Romero's criminal history:

> Looking to the PSI Report, [Romero] has four prior convictions for Simple Assault, each graded as a second-degree misdemeanor. He has one conviction for Theft by Unlawful Takings graded as a third-degree misdemeanor, and two for Possession With Intent to Deliver a Controlled Substance, graded as third-degree felonies. Most significantly, he has a prior conviction for Robbery - Inflicts or Threatens to Immediately Inflict Bodily Injury, graded as a second-degree felony. He also has a recent (2019) conviction for Indecent Exposure, graded as a second-degree misdemeanor.

Trial Court Opinion, 6/29/22 at 8 (footnotes omitted).

Moreover, the trial court notes a lesser sentence would not adequately meet Romero's rehabilitative needs and prevent recidivism as is evidenced by the fact that, Romero "has [already] served terms of incarceration in both county and state correctional institutions, with his sentences totaling a term of 13 years." *Id.*

Based upon this record, we cannot conclude the trial court abused its discretion in imposing sentence. Romero's only issue on appeal merits no relief, and we therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/25/2023