J-S13014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :

           v.                             :
                                          :

QUAYSHAWN MONTEZ SLOAN       :
                                          :

           Appellant              :    No. 571 WDA 2023

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010094-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :           PENNSYLVANIA
                                          :

           v.                             :
                                          :

QUAYSHAWN MONTEZ SLOAN       :
                                          :

           Appellant              :    No. 572 WDA 2023

Appeal from the PCRA Order Entered April 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010093-2019

BEFORE: KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED: May 29, 2024**

    Appellant, Quayshawn Montez Sloan, appeals from the order entered in

the Court of Common Pleas of Allegheny County, which dismissed his first

petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§

9541-9546, without an evidentiary hearing. After a careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The underlying facts and procedural history have been previously set forth, in part, by this Court as follows:

Appellant sexually assaulted two female children, N.N. and A.J., when the children were between the ages of five and seven. Appellant abused N.N. from approximately May of 2012 through March of 2015. N.T., 3/6/20, at 387. Appellant abused A.J. from approximately January of 2013 through July of 2015. *Id.* N.N. considered Appellant to be her father, although he is not. N.T., 3/5/20, at 106, 119, 122. N.N.'s mother learned of the abuse when she read an entry in N.N.'s diary stating that [N.N.] and her stepsister, [A.J.], were raped by Appellant when they were five. *Id.* at 112. During trial, N.N. testified to numerous episodes of sexual abuse, including a game Appellant created that both N.N. and A.J. participated in, where Appellant blindfolded the girls and had them guess what he was putting in their mouths. *Id.* at 135. A.J. went first; N.N. described the object that went in her mouth as "soft and rubbery." *Id.* N.N. gave a videotaped forensic interview, which was admitted into evidence at trial. *Id.* at 214.

Appellant dated A.J.'s mother for approximately two years, and he lived with the family briefly during that time. *Id.* at 158-59. At trial, A.J. testified to multiple incidents of sexual abuse, including an incident where Appellant told A.J. to tell N.N. to get undressed. *Id.* at 192. A.J. complied, and although she was unable to remember what Appellant did to N.N, she remembered that N.N. cried. *Id.* A.J. also gave a forensic interview but that interview was not used at trial.

[At the conclusion of the trial,] a jury found [Appellant] guilty of multiple counts at two criminal informations. Specifically, at CP-02-CR-10093-2019 (hereinafter "10093-2019"), the jury found Appellant guilty of one count of involuntary deviate sexual intercourse ("IDSI") with a child, unlawful contact with a minor, sexual assault, indecent assault of a child less than 13, corruption of minors, and indecent exposure. [18 Pa.C.S.A. §§ 3123(b), 6318(a)(1), 3124.1, 3126(a)(7), 6301(a)(1)(ii), and 3127(a), respectively.] At CP-02-CR-10094-2019 ("10094-2019"), the jury found Appellant guilty of attempted rape of a child, IDSI with a child, unlawful contact with a minor, sexual assault, two counts of indecent assault of a child less than 13 (course of conduct), corruption of minors, and indecent exposure. [18 Pa.C.S.A. §§

901(a), 3123(b), 6318(a)(1), 3124.1, 3126(a)(7), 6301(a)(1)(ii), and 3127(a), respectively.] The [trial] court sentenced Appellant on June 1, 2020, to an aggregate sentence of 48.33 years to 91.66 years [of] incarceration. Appellant filed a post-sentence motion, which [the trial] court denied on July 1, 2020.

***Commonwealth v. Sloan***, No. 768 & 769 WDA 2020, 2021 WL 2138830, at *1-2 (Pa.Super. filed 5/26/21) (unpublished memorandum) (footnotes omitted).

Appellant filed separate timely notices of appeal, which this Court consolidated. On appeal, in his first issue, Appellant alleged the trial court erred in denying trial counsel's motion to sever his two cases for trial because the Commonwealth failed to request the cases be joined for trial and/or provide proper notice of joinder. This Court found the issue to be waived. Specifically, we held:

> Appellant has waived the argument relating to lack of notice or Commonwealth error because he failed to raise it before the trial court. Indeed, as the trial court noted during the hearing, Appellant's motion was scant, failed to discuss the facts of Appellant's case, and merely cited law standing for the proposition that joinder is improper where the matters are not based on the same act or transaction. Appellant did not raise either issue before the trial court during the hearing on the motion….Thus, we find this issue waived on this basis.

***Id.*** at *3.

Appellant also argued the trial court erred in failing to sever his two cases because evidence of the crimes against each victim would not be admissible in a separate trial for the other. He specifically averred the trial court erred when it found the evidence regarding the two cases could be

- 3 -

admitted in trial for the other as part of a common scheme, plan, or design. We found no merit to this claim. *Id.* at *4. Further, we noted Appellant failed to make any proffer that he was prejudiced by the trial court's denial of his motion to sever. *Id.* at *6.

In his second issue, Appellant averred the trial court erred in admitting into evidence a forensic interview of N.N. Initially, we noted the certified record contained neither a copy of the videotaped forensic interview nor a transcript of it. Thus, to the extent Appellant argued the trial court erred in finding the forensic interview contained a prior inconsistent statement, we found the claim waived. *Id.* Moreover, to the extent Appellant alleged the trial court erred in admitting the forensic interview pursuant to Pa.R.E. 803.1 because Appellant was not given the opportunity to cross-examine N.N., we found no merit to the claim. We specifically held:

> Appellant did not call N.N. back to the stand to question her after the videotape of the forensic interview was played for the jury. Nor did Appellant object to having to re-call N.N. at any point. Appellant's decision not to cross-examine N.N. does not mean that N.N. was not subject to cross-examination. Indeed, N.N. previously testified under oath during the proceeding and was subject to cross-examination. Appellant has failed to show N.N. was not subject to cross-examination, and we discern no abuse of discretion on the part of the trial court when it admitted N.N.'s forensic interview into evidence.

*Id.* at *7.

Thus, on May 26, 2021, we affirmed Appellant's judgment of sentence. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On June 3, 2022, Appellant, represented by newly retained private counsel, filed a timely PCRA petition, and on July 7, 2022, the Commonwealth filed an answer. On September 15, 2022, the PCRA court provided Appellant with notice of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing. On October 3, 2022, Appellant filed a counseled petition seeking leave to file an amended PCRA petition, and on October 11, 2022, the PCRA court granted Appellant's petition to amend.

Thus, on November 15, 2022, Appellant filed a counseled amended PCRA petition, and the Commonwealth filed a response. On March 7, 2023, the PCRA court provided Appellant with notice of its intent to dismiss his amended PCRA petition without an evidentiary hearing. By order entered on April 17, 2023, the PCRA court dismissed Appellant's initial and amended PCRA petition. Appellant filed a timely counseled notice of appeal at each lower court docket number, and this Court *sua sponte* consolidated the appeals. All Pa.R.A.P. 1925 requirements have been adequately met.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Involved" (verbatim):

I.    Whether the trial court erred in determining Appellant's claim trial counsel was ineffective for failing to object to the improper consolidation was without merit?

II.   Whether the trial court erred in determining Appellant's claim trial counsel was ineffective for failing to challenge the competency and taint either pretrial or during trial of minor witnesses who were under the age of fourteen at the time of trial and at the time of the alleged offenses was without merit?

III. Whether the trial court erred in determining Appellant's claim trial counsel was ineffective for failing to object to the playing of a forensic interview in its entirety as past recollection recorded was without merit?

Appellant's Brief at 4.

Initially, we note our standard of review for an order denying PCRA relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *Commonwealth v. Sattazahn*, 597 Pa. 648, 952 A.2d 640, 652 (2008). "We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa.Super. 2009) (citation omitted).

As relevant here, a PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). In reviewing Appellant's ineffective assistance of counsel claims, we are mindful that, since there is a presumption counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282 (2010).

To prevail on an ineffective assistance claim, a defendant must establish "(1) [the] underlying claim is of arguable merit; (2) the particular course of

conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* at 291 (citations omitted).

> We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. [C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.

*Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (citations omitted). *See Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 419 (2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.") (citation omitted)). "A claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa.Super. 2013) (*en banc*) (citation omitted).

Further,

> To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Commonwealth v. Spotz*, 624 Pa. 4, 84 A.3d 294, 311-12 (2014) (citations, quotation marks, and quotations omitted).

In his first issue, Appellant contends trial counsel was ineffective in failing to properly raise in his pretrial motion to sever the issue of whether the

Commonwealth failed to follow the proper procedures for his cases to be tried together.[1] While Appellant acknowledges trial counsel objected to the joinder of his cases, he avers trial counsel was ineffective in failing to properly develop the issue that severance was warranted since the Commonwealth failed to provide proper notice of joinder pursuant to Pa.R.Crim.P. 582(B)(1).[2] We conclude Appellant is not entitled to relief.

Relevantly, Rule 582 provides the following:

**(B) Procedure**

(1) Notice that offenses or defendants charged in separate indictments or informations will be tried together shall be in writing and filed with the clerk of courts. A copy of the notice shall be served on the defendant at or before arraignment.

Pa.R.Crim.P. 582(B)(1) (bold in original).

Here, in response to Appellant's amended PCRA petition, the Commonwealth averred it provided proper notice of its intent to try Appellant's cases together, as well as certified the notice was served on Appellant and his counsel on the date of formal arraignment. As proof thereof, the Commonwealth attached two Rule 582(B)(2) notices as exhibits to its response to Appellant's amended PCRA petition.

---

[1] As indicated *supra*, on direct appeal, this Court held that Appellant waived the issue of whether the Commonwealth had provided proper notice of its intent to try the cases together since trial counsel did not adequately develop the issue in Appellant's pretrial motion to sever the cases.

[2] We note the trial court's docket for each case does not contain an entry as it relates to the Commonwealth's notice of its intent to try the cases together.

Further, during a pretrial case status conference on January 16, 2020, which was well before Appellant filed his motion to sever on February 28, 2020, the trial court recognized Appellant's formal arraignment was held on November 21, 2019, and, without objection from trial counsel or the Commonwealth, the trial court indicated "[t]hese two cases were joined according to my notes." N.T., 1/16/20, at 2, 4.

Additionally, during a pretrial motion hearing on March 2, 2020, at which the trial court considered Appellant's motion to sever, the trial court stated Appellant's two cases "were joined from the outset." N.T., 3/2/20, at 23. Trial counsel confirmed "the cases were joined at the time of the SOC formal arraignment." *Id.* at 33.

We conclude Appellant is not entitled to relief on his claim of ineffectiveness. Initially, as the PCRA court determined, the record demonstrates the Commonwealth provided Appellant and his trial counsel with notice of its intent to try the cases together at or before the time of the arraignment. In any event, assuming, *arguendo*, the Commonwealth failed to properly file and serve its written Rule 582(B)(1) notices, Appellant has failed to demonstrate how he was prejudiced by trial counsel's failure to object to this defect.

Simply put, as the PCRA court determined, Appellant and his trial counsel were made aware during Appellant's formal arraignment that the Commonwealth intended to try Appellant's cases together. There is no

indication that either Appellant or his trial counsel believed otherwise. Further, to the extent Appellant baldly asserts he was prejudiced since any defect in the Commonwealth's notice would have automatically required the trial court to try the cases separately, we note Appellant has not cited relevant authority in support of this contention. *See* Pa.R.A.P. 2119. In any event, even if Appellant's cases were severed, as this Court indicated previously on direct appeal, evidence of the crimes against each victim would have been admissible in a separate trial for the other. Thus, Appellant cannot demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Spotz*, *supra*, 84 A.3d at 311-12 (quotation marks and quotation omitted). Accordingly, Appellant is not entitled to relief on his first claim of ineffectiveness.

In his second claim, Appellant avers trial counsel was ineffective in failing to challenge the competency of the child witnesses. He asserts that, since the witnesses were under the age of fourteen[3] when they testified, trial counsel should have ensured the trial court held a hearing to examine the child victims' competency. He avers the failure to do so constitutes ineffectiveness.

---

[3] A.J. was thirteen years old when she testified while N.N. was twelve years old.

Initially, we note the PCRA court indicates in its Rule 1925(a) opinion that the record belies Appellant's claim that trial counsel did not ensure the trial court held a competency hearing. In fact, the PCRA court indicates the trial court held a competency hearing on March 3, 2020.[4] In his appellate brief, Appellant recognizes the PCRA court's statement; however, he faults the PCRA court for failing to provide this Court with the notes of testimony from the competency hearing. He argues the clerk of courts certified the record, and since the clerk of courts did not include the March 3, 2020, notes from the competency hearing, "[he] is proceeding as if the transcript does not exist." Appellant's Brief at 18.

The Commonwealth confirms the trial court held a competency hearing on March 3, 2020, at which the two victims were examined and found to be competent to testify. *See* Commonwealth's Brief at 21. Moreover, the Commonwealth argues that it was Appellant's duty to ensure the record contains the relevant notes of testimony, particularly after Appellant became aware that the relevant transcript had not been provided to this Court. We agree.

---

[4] We recognize the PCRA court's opinion contains a typographical error. Specifically, the PCRA court indicates a "competency hearing occurred on March 3, 2023. The two victims in this case were 13 and 12 at the time of the competency hearing." PCRA Court Opinion, filed 10/26/23, at 7. In its brief, the Commonwealth clarifies the competency hearing was held on March 3, 2020. *See* Commonwealth's Brief at 21.

- 11 -

"In general, it is an appellant's burden to ensure that the certified record contains the documents reflecting the facts needed for review."

***Commonwealth v. Wrecks***, 931 A2d 717, 722 (Pa.Super. 2007).

> With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P.1911(a)….When the appellant or cross-appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. [***Commonwealth v.***] ***Williams***, 552 Pa. 451, 715 A.2d [1101,] 1105 [(1998)]. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts. ***Id.***

***Commonwealth v. Preston***, 904 A.2d 1, 7-8 (Pa.Super. 2006) (*en banc*).

> Pennsylvania Rule of Appellate Procedure 1911 relevantly provides:
>
> **(a) General rule.** The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration.
>
> ***
>
> **(c) Form.** The request for transcript may be endorsed on, incorporated into, or attached to the notice of appeal or other document and shall be in substantially the following form:
>
> **[Caption]**
>
> A (notice of appeal) (petition for review) (petition for specialized review) (other appellate paper, as appropriate) having been filed in this matter, the official court reporter is hereby requested to produce, certify and file the transcript in this matter in conformity with Rule 1922 of the Pennsylvania Rules of Appellate Procedure.
>
> Signature_____
>
> **(d) Effect of failure to comply.** If the appellant fails to take the action required by these rules and the Pennsylvania Rules of

Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911 (bold in original).

Our Supreme Court has instructed that when an appellant "faults the trial court," and "suggests that there is some obligation to 'provide' a 'complete' record in the abstract, that obviously is not the case. Rather, the appellant has a duty to frame what is needed." *Commonwealth v. Lesko*, 609 Pa. 128, 15 A.3d 345, 410 (2011) (holding that it was the appellant's duty to ensure the specific notes regarding jury selection were included in the certified record for appeal). *See In re Estate of Renninger*, No. 588 WDA 2023, 2024 WL 1326687 (Pa.Super. filed 3/28/24) (unpublished memorandum) (relying on *Lesko* to find waiver where specific notes of testimony were not included in the certified record).[5] Our Supreme Court has explained:

> The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record. *See, e.g., Commonwealth v. Steward*, 775 A.2d 819, 833 (Pa.Super. 2001) (noting that it was not the responsibility of the trial court to order the notes of transcript of defense counsel's closing as Rule 1911 "makes it abundantly plain that it is the responsibility of the [a]ppellant to order all transcripts necessary to the

---

[5] We note that unpublished non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b). We find *In re Estate of Renninger*, *supra*, to be persuasive.

- 13 -

disposition of his appeal."). [An appellant] cannot fault the trial court for his own failures. Instead, it is only when an appellant can show that a request was made and erroneously denied…that such a claim would have merit.

\*\*\*

Moreover, even when notes of testimony are properly ordered, the absence of notes does not generate some instantaneous, meritorious claim for relief. Instead, if the initially missing notes matter, it becomes a circumstance the appellant or his counsel needs to respond to by, for example, ordering notes counsel failed to order earlier; or seeking an order of court to have ordered notes promptly transcribed, or otherwise made available; or, where notes cannot be secured, to take steps to have an equivalent picture of the proceeding generated. *See* Pa.R.A.P. 1911(a); Pa.R.A.P. 1923 (statement in the absence of transcript); Pa.R.A.P. 1924 (agreed upon statement of the record).

*Lesko*, *supra*, 15 A.3d at 410-11 (some citations omitted).

Here, Appellant attached to each notice of appeal a general "Request for Transcript," which reads: "A notice of appeal having been filed in this matter, the official court reporter is hereby requested to produce, certify and file the transcript in this matter in conformity with Rule 1922 of the Pennsylvania Rules of Appellate Procedure." Appellant's Notice of Appeal, filed 5/16/23. Thereafter, several transcripts were delivered to the filing office and the parties, but such transcripts did not include the notes of testimony from the pretrial competency hearing related to the child victims. However, Appellant did not take any action to correct the record. *See* Pa.R.A.P. 1926 (pertaining to the correction or modification of the record).

As indicated *supra*, the PCRA court specifically noted in its Pa.R.A.P. 1925(a) opinion that the trial court held a competency hearing. Still, after

Appellant discovered the notes of testimony related thereto had not been transmitted to this Court, Appellant "sat on his hands," indicating in his appellate brief that he would proceed as if the competency hearing never occurred. *See* Appellant's Brief at 18. As our Supreme Court has held, once it became apparent to Appellant that the specific notes of testimony from the competency hearing were missing, and the notes matter for his claim, it became his responsibility to order the notes of testimony specifically, seek an order from the trial court to have the notes of testimony ordered promptly, or if the notes could not be secured, take steps to have an equivalent picture of the proceedings generated. *Lesko*, *supra*. It was not appropriate under our Rules of Appellate Procedure for Appellant to do nothing, fault the trial court, and then suggest that this Court conclude no competency hearing occurred since the notes of testimony related thereto were not forwarded to us. *See Lesko*, *supra*, 15 A.3d at 411 (holding an appellant may not use missing transcripts as "a sword"). It is a well-recognized principle of law that an appellant is obligated to identify and order the necessary transcripts for an appeal. *Preston*, 904 A.2d at 7 ("Our law is unequivocal that the responsibility rests upon the appellant to ensure the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."). Simply put, our ability to review the merits of the

claim underlying Appellant's assertion of ineffective assistance of counsel has been fatally impeded. Accordingly, we decline to address the issue further.[6]

In his final claim, Appellant avers trial counsel was ineffective in failing to object to the Commonwealth's playing of a videotaped forensic interview for the jury. In its Pa.R.A.P. 1925(a) opinion, the PCRA court indicated Appellant waived this issue by failing to properly plead it in his initial or amended PCRA petition.

On appeal, Appellant does not dispute he failed to properly plead the issue in the PCRA court. His entire appellate argument as to his third issue is as follows (verbatim):

> The trial court pursuant to the April 21, 2022, order of court indicated appellant's appeal was dismissed as without merit. However, as to the third error claimed, the trial court's 1925 opinion indicated the issue was not properly pled as opposed to without merit. Appellant would respectfully request leave of court to supplement the PCCR [*sic*] petition to specifically plead the entire exchange between the court and counsel located in the March 2, 2020, trial transcript pgs. 138-152 (***Id.***) Including trial counsel's indication of his intent to recall N.N. and then never recalling her. In addition, counsel will specifically provide the pertinent rule of evidence to the trial court.

Appellant's Brief at 21.

---

[6] In his appellate brief, Appellant points to specific portions of N.N.'s trial testimony. ***See*** Appellant's Brief at 19. He then indicates that, since he is assuming there was no pretrial competency hearing based on the lack of a transcript, trial counsel should have objected at trial to N.N.'s testimony based on competency. However, as discussed *supra*, Appellant's argument is based on a faulty assumption, and we decline to address the issue further.

We conclude Appellant has failed to adequately develop his appellate argument with citation to relevant authority. **See** Pa.R.A.P. 2119. In any event, Appellant was given ample opportunity to properly plead his claim in the PCRA court, and he has provided no legitimate explanation or reason for this Court to remand for additional PCRA proceedings.

For all of the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/29/2024