J-S18038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELLIS ALLEN ROBERTS, JR. | : | |
| | : | |
| Appellant | : | No. 555 WDA 2024 |

Appeal from the PCRA Order Entered April 4, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000729-2022

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: June 27, 2025**

Appellant, Ellis Allen Roberts, Jr., appeals from the April 4, 2024, order entered in the Court of Common Pleas of Allegheny County, which dismissed Appellant's first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

The relevant facts and procedural history are as follows: After Appellant assaulted his paramour, the Commonwealth filed an Information charging Appellant with various crimes, and on June 30, 2022, Appellant, represented by counsel, proceeded to a guilty plea hearing. At the commencement of the hearing, the trial court colloqued Appellant, who indicated he was twenty-eight

---

[*] Former Justice specially assigned to the Superior Court.

years old and a high school graduate. N.T., 6/30/22, at 3. Appellant indicated he was able to read, write, and understand English. *Id.* at 4. He denied having consumed or being under the influence of any drugs or alcohol, and he denied having any mental illness or infirmity. *Id.*

Appellant confirmed he, along with his attorney, reviewed and answered all questions in the "Guilty Plea Explanation of Defendant's Rights form."[1] *Id.* Appellant indicated he "answered these questions honestly." *Id.* Appellant signed the written guilty plea explanation, and he confirmed to the trial court that he understood the "full meaning" of the information contained therein. *Id.*

The trial court indicated it was incorporating the written guilty plea explanation and noted Appellant is not RRRI eligible. *Id.* at 5. Appellant specifically confirmed he was "satisfied with the services that [guilty plea counsel] has provided to [him]." *Id.* Appellant confirmed guilty plea counsel explained to him the nature of the charges, as well as the elements the Commonwealth would have to prove if he proceeded to trial. *Id.*

Appellant informed the trial court that, at the time of his arrest for the instant charges, he was on parole. *Id.* Guilty plea counsel confirmed Appellant was "on a parole detainer," and Appellant had been incarcerated

---

[1] The "Guilty Plea Explanation of Defendant's Rights," also known as a written guilty plea explanation or a written guilty plea colloquy, is contained in the certified record.

since the instant incident on December 2, 2021. *Id.* at 5, 11. The trial court asked Appellant if he understood that, "as a result of being in violation of probation or parole, you may be subject to another penalty that [the court] imposes in this case." *Id.* at 6. Appellant answered affirmatively. *Id.*

The trial court then stated the following:

[In the instant case,] as amended, you're charged with one count of Simple Assault, a misdemeanor of the second degree. That carries a maximum of two years of incarceration and a $5000 fine. And at Count 3, possession of a controlled substance an ungraded misdemeanor, punishable by a prior conviction, three years of incarceration and a $2500 fine.

*Id.*

Guilty plea counsel specifically confirmed there "was no agreement as to sentence[.]" *Id.* The Commonwealth set forth the following factual summary underlying Appellant's charges:

[I]f this case had gone to trial, the Commonwealth would have called Monroeville Police Officer Harrilla. He would've testified that, on or about December 2nd of 2021, officers responded to the address on Haymaker Road for a domestic violence call. And the witness informed them that her boyfriend, [Appellant], had been arguing with her while at the GetGo. [Appellant] was then chasing her around with a windshield wiper and a jug. The victim continued into the store where [Appellant] grabbed another windshield wiper chasing after her and was punching and kicking her. The victim was pregnant at this time. The police later searched for [Appellant] and found him walking on Haymaker Road with drugs in his possession and additional drug paraphernalia. The facts are stipulated with the affidavit of probable cause with crime lab 22LAB0093, which did show positive for Suboxone. [Appellant] has a prior possession with intent to deliver in front of your Honor and that is case 2017-06587 and a conviction date [of] January 16th of 2019.

*Id.* at 7.

Guilty plea counsel confirmed the factual summary was accurate, and Appellant confirmed he was pleading guilty to the charges as read to him by the trial court. *Id.* Appellant confirmed he was pleading guilty to the charges because he was "in fact guilty." *Id.* at 8.

The trial court found Appellant knowingly, intelligently, and voluntarily waived his right to trial and accepted his admission. *Id.* The trial court accepted Appellant's guilty plea to the charges of simple assault (M2), 18 Pa.C.S.A. § 2701(a)(1), and possession of a controlled substance (M), 35 P.S. § 780-113(a)(16).[2] *Id.*

The trial court then advised Appellant that he had the right to a presentence investigation ("PSI") report to be prepared prior to sentencing. *Id.* The trial court further informed Appellant that he could waive the PSI report. *Id.* The trial court noted Appellant's prior record score was five and he was serving parole for a different crime when he committed the instant offenses. *Id.* The trial court reminded Appellant that there was no agreement as to sentence and asked if he wished to waive his right to a PSI report. *Id.* Guilty plea counsel indicated Appellant was "waiving the presentence report." *Id.*

_____

[2] In exchange for Appellant's guilty plea to simple assault and possession of a controlled substance, the Commonwealth withdrew the remaining charges.

- 4 -

The trial court judge noted that Appellant had been before the judge previously, and at that time, Appellant entered guilty pleas in three cases. *Id.* Specifically, the trial court indicated:

> [Appellant] pled guilty to carrying a firearm without a license. He was already not RRRI eligible because of the possession with intent to deliver—possession with intent to deliver cocaine. And again, I ran the sentence concurrent. Possession with intent to deliver cocaine and fleeing. All together he got a bulk discount. I have a note that I explained to you. You said that it wouldn't happen again. The sentence was two to four years, not RRRI eligible and that sentence was imposed on January 16th of 2019. So, we haven't even reached the four years yet on your max date and you're already back in front of me for having an argument in a public space with your pregnant girlfriend chasing her with windshield wipers, fluid bottles, and punching her to the ground. I'm going to need a lot of explaining. This is absolutely unacceptable behavior.

*Id.* at 9.

Guilty plea counsel confirmed that the trial court's recollection of Appellant's prior guilty plea was "accurate." *Id.* at 10. Guilty plea counsel noted that Appellant has taken responsibility for his actions. *Id.* He noted that, after Appellant was arrested for the instant charges and jailed pursuant to the parole detainer, the victim gave birth to Appellant's child. *Id.* Guilty plea counsel indicated Appellant regrets missing the birth. *Id.* Guilty plea counsel advised the trial court that Appellant and the victim have reconciled and want to live together. *Id.*

Guilty plea counsel acknowledged the Commonwealth provided Appellant with a sentencing form, which set forth Appellant's prior record score, the offense gravity score, and the applicable sentencing guidelines. *Id.*

at 11.  Guilty plea counsel asked for "a mitigated range sentence and a credit."
*Id.*  Guilty plea counsel asked the trial court to consider that Appellant was on state parole, and, thus, Appellant would "not be going home soon because of this violation."  *Id.*

Appellant stated that he was remorseful, and he apologized for his actions.  *Id.*  However, Appellant indicated "the last time I was here in front of [the trial court], I did a whole bunch of time I shouldn't have done."  *Id.*  He acknowledged he used "poor judgment" when he assaulted the victim.  *Id.*

The trial court advised Appellant that his actions were more than "poor judgment" and displayed "a dangerous temper."  *Id.*  Appellant indicated he "grew up around" people with bad tempers, and his "dad beat up [his] mom a lot."  *Id.* at 13.  Appellant informed the trial court that his father stabbed his mother; however, he was not "comfortable talking about it."  *Id.* at 14.  At this point, the trial court indicated it was not comfortable "going forward with sentencing" and advised the parties that the court was ordering a PSI report.  *Id.*

On September 30, 2022, Appellant, along with his counsel,[3] proceeded to a sentencing hearing at which the trial court indicated it had the PSI report

---

[3] Guilty plea counsel also represented Appellant during the September 30, 2022, sentencing hearing.  Thus, we shall refer to counsel as "guilty plea counsel" as it relates to the sentencing hearing.

for Appellant. N.T., 9/30/22, at 2. Guilty plea counsel confirmed Appellant had reviewed the PSI report, as well as confirmed its accuracy. *Id.*

Guilty plea counsel informed the trial court that Appellant was remorseful. *Id.* at 4. Guilty plea counsel noted Appellant was aware that he was going to have to serve an additional year on the other case for which parole was revoked because of the instant criminal case. *Id.* Guilty plea counsel indicated such information was contained in the PSI report, which was provided to Appellant. *Id.*

Moreover, guilty plea counsel specifically stated that Appellant "has credit, Your Honor, on this case from May 19th to today, which is more than three months." *Id.* Guilty plea counsel stated:

> He's going to be not only on your State-supervised probation that Your Honor will impose after the underlying offenses, parole hit and offenses on this case as well. He will have a lot of time when he is released to prove that he is capable to being on the street not committing crimes, being a productive father and citizen.
>
> And today is the first step in getting him there. Your Honor, we would ask because he did accept responsibility—he does have credit slightly above the low mitigated. We would ask you to impose time served with probation as Your Honor sees fit especially given that it seems like parole is going to impose an additional year.

*Id.* at 5.

The trial court reviewed Appellant's prior crimes as set forth in the PSI report. *Id.* at 10. Appellant admitted that he has a drug addiction, and he uses drugs to dull the pain from when he was shot. *Id.* at 13-14. Appellant

indicated that, most recently, he has been in prison since December of 2021. *Id.* at 17. He indicated he was in state prison starting in December of 2021, and he was then transferred to county prison to address the instant matter. *Id.* Appellant acknowledged the credit relative to the instant matter was for the time he was in the Allegheny County Jail, which was three or four months. *Id.*

The trial court indicated it was considering the community, as well as the safety of the victim in sentencing Appellant. *Id.* at 29. For simple assault, the trial court sentenced Appellant to six months to twenty-four months in prison, with eligibility for the reentry program. For simple possession, the trial court sentenced Appellant to three months to six months in prison consecutive to being paroled on the simple assault sentence. The trial court indicated "he has credit from 5/19/22 until today. That will go with him."[4] *Id.* The trial court then provided Appellant with his post-sentence and appellate rights. *Id.* at 39-40.

Appellant filed neither post-sentence motions nor a direct appeal. However, on June 27, 2023, Appellant filed a timely *pro se* PCRA petition, and

---

[4] The record reflects that credit for time served from December 2, 2021, to May 18, 2022, was applied to Appellant's prior case. Credit for time served from May 19, 2022, to September 30, 2022, when Appellant was confined in the Allegheny County Jail, was applied to Appellant's instant case. Thus, Appellant received credit for all time served. However, as discussed below, Appellant complains that guilty plea counsel "misleadingly advised" him that all credit for time served from December 2, 2021, to September 30, 2022, would be allocated to the instant case.

- 8 -

the PCRA court appointed counsel to represent Appellant. PCRA counsel filed an amended PCRA petition on December 19, 2023, and the Commonwealth filed an answer on February 22, 2024.

By order entered on February 26, 2024, the PCRA court provided Appellant with notice of its intent to dismiss his PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. PCRA counsel filed a response to the PCRA court's Rule 907 notice. By order entered on April 4, 2024, the PCRA court dismissed Appellant's PCRA petition, and this timely counseled appeal followed on May 2, 2024. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following issue in his "Statement of the Question Presented" (verbatim):

1. The PCRA court erred in dismissing the petition because plea counsel rendered ineffective assistance by inducing [Appellant] into entering an unknowing and involuntary guilty plea, and thereafter failing to file a motion to withdraw the invalid plea, where plea counsel provided incorrect advice that [Appellant] would receive credit for time served from the time of his arrest, and that the underlying sentence would be concurrent with a future parole hit on an unrelated case.

Appellant's Brief at 6.

Initially, we note the following well-established applicable legal precepts:

Our standard of review for an order denying PCRA relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *Commonwealth v. Sattazahn*, 597 Pa. 648,

952 A.2d 640, 652 (2008). "We must accord great deference to the findings of the PCRA court, and such findings will not be disturbed unless they have no support in the record." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa.Super. 2009) (citation omitted).

In reviewing Appellant's ineffective assistance of counsel claim, we are mindful that, since there is a presumption counsel provided effective representation, the defendant bears the burden of proving ineffectiveness. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282 (2010). To prevail on an ineffective assistance claim, a defendant must establish "(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his [client's] interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.*, *supra*, 10 A.3d at 291 (citations omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Id.* Notably, "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Johnson*, 635 Pa. 665, 139 A.3d 1257, 1272 (2016) (citation omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief…if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice

was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quotations and quotation marks omitted). *See Commonwealth v. Kersteter*, 877 A.2d 466, 467 (Pa.Super. 2005) (holding PCRA petitioner will be eligible to withdraw his plea if he establishes ineffective assistance of counsel caused the petitioner to enter an involuntary guilty plea, or the guilty plea was unlawfully induced, and the petitioner is innocent).

In the case *sub judice*, Appellant contends his guilty plea was involuntarily and unknowingly entered since guilty plea counsel "incorrectly advised [him] in relation to credit for time served, and that the sentence would run concurrently with a parole hit on an unrelated case that would be imposed at a future date by the parole board." Appellant's brief at 17. Appellant contends guilty plea counsel mistakenly advised him that his credit for time served from December 2, 2021, to September 30, 2022, would be solely applied to his instant sentence, as well as mistakenly advised him that his instant sentence would run concurrently to his sentence in his unrelated parole revocation case. Appellant avers "guilty plea counsel was aware that [Appellant] would have to serve back-time on his unrelated state sentence before serving a new sentence. He incorrectly advised [Appellant] on this point." *Id.* at 19. Thus, Appellant avers his guilty plea was involuntarily and unknowingly entered due to guilty plea counsel's ineffectiveness, and guilty plea counsel should have filed a motion to withdraw his plea.

- 11 -

It is well-settled that "a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." ***Commonwealth v. Carter***, 464 A.2d 1327, 1334 (Pa.Super. 1983) (citation omitted). However, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of doing otherwise." ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa.Super. 2006). "Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." ***Id.***

Moreover, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003). ***See Commonwealth v. Pier***, 182 A.3d 476, 480 (Pa.Super. 2018).

Additionally, a written guilty plea colloquy that is read, completed, and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super. 2005) (*en banc*); Pa.R.Crim.P. 590, Comment. "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences

- 12 -

of his plea and that he knowingly and voluntarily decided to enter the plea."

***Commonwealth v. Fluharty***, 632 A.2d 312, 315 (Pa.Super. 1993).

In the case *sub judice*, in finding Appellant was not entitled to relief on his claim of ineffective assistance of guilty plea counsel, the PCRA court relevantly indicated:

> Appellant alleges that [guilty plea] counsel was ineffective for inducing Appellant to enter an invalid plea. The underlying claim that the plea was entered unknowingly or involuntarily is without merit. Appellant completed an eleven-page written colloquy in which he acknowledged that he understood his post-sentence rights, that he discussed with counsel the potential sentences involved, and that he was satisfied with the advice and representation of [guilty plea] counsel. Furthermore, Appellant stated during the plea that he understood [the trial court's] instruction that he may be subject to another penalty as the plea would make him a convicted violator of his [parole] sentence in another case. [N.T., 6/30/22, at 5-6.] Additionally, [guilty plea] counsel stated at the sentencing hearing that Appellant knew that he "would have to serve an additional year [for the other case] as a result of this infraction." [N.T., 9/30/22, at 4.] Appellant's claim that [guilty plea] counsel failed to adequately advise him of the collateral consequences of his plea is contradicted by the evidence. Likewise, the evidence further supports that the plea was knowingly and voluntarily entered, and Appellant's underlying claim to the contrary is without merit.

PCRA Court Opinion, filed 8/20/24, at 3-4.

We find no error. Here, the record demonstrates that, during the guilty plea hearing, Appellant acknowledged he was on parole for a different offense when he committed the instant crimes. N.T., 6/30/22, at 5. Guilty plea counsel confirmed Appellant was "on a parole detainer," and Appellant had been incarcerated since the instant incident on December 2, 2021. ***Id.*** at 5, 11. The trial court asked Appellant if he understood that, "as a result of being

in violation of probation or parole, you may be subject to another penalty that [the court] imposes in this case." *Id.* at 6. Appellant answered affirmatively. *Id.*

Thereafter, guilty plea counsel asked the trial court to impose "a mitigated range sentence and a credit." *Id.* at 11. Guilty plea counsel specifically confirmed there "was no agreement as to sentence," and the trial court likewise stated "[t]here's no agreement as to sentence[.]" *Id.* at 6, 8.

Further, during the guilty plea hearing, Appellant confirmed he reviewed, understood, and signed the written guilty plea colloquy. *Id.* at 4-5. Therein, Appellant affirmatively acknowledged his understanding that the trial court could impose a separate, or consecutive, sentence for each offense to which he was pleading guilty. Guilty Plea Explanation of Defendant's Rights, signed 6/30/22, at 2. Also, therein, Appellant answered "yes" to the question: "Do you understand that any term of imprisonment imposed as a result of your plea may be imposed separately, or consecutively, with any other sentence you are currently serving?" *Id.* at 8. He also answered "yes" to the question: "Do you understand that your plea of guilty or *nolo contendere* violates any period of parole or probation that you are currently serving, either state or federal, as long as the crime or crimes you were convicted of or plead to occurred during those periods of probation or parole?" *Id.* He also answered "yes" to the question:

> Do you understand that if your plea of guilty or *nolo contendere* violates a period of parole or probation, either state or

- 14 -

federal, you would be subjecting yourself to an additional penalty for the violation of those periods of parole and/or probation, and a new sentence could be issued for each violation and those sentences could be imposed consecutively to the sentence imposed upon you for your plea of guilty or *nolo contendere* in this case?

***Id.*** at 9.

Moreover, it bears mentioning that, during the guilty plea hearing, as well as in the written guilty plea colloquy, Appellant acknowledged he committed the crimes for which he was pleading guilty. Guilty Plea Explanation of Defendant's Rights, signed 6/30/22, at 5; N.T., 6/30/22, at 8. He specifically indicated no one (including his attorney) had promised him anything in exchange for the guilty plea other than the terms of the plea bargain, and he was satisfied with the legal representation of his attorney. N.T., 6/30/22, at 8. Also, we reiterate, Appellant acknowledged that there was no agreement as to sentencing. ***Id.*** at 6.

We conclude the PCRA court properly found Appellant was not entitled to relief on his ineffective assistance of counsel claim.[5] While Appellant may be displeased with the way in which his credit for time served was allocated,

---

[5] To the extent Appellant contends guilty plea counsel should have filed a post-sentence motion to withdraw his guilty plea, we find no arguable merit. In addition to the reasons set forth *supra*, we note Appellant confirmed during the sentencing hearing that he was aware he was going to have to serve an additional year on the other case for which parole was revoked because of the instant criminal case. N.T., 9/30/22, at 4. Moreover, Appellant confirmed he understood he had credit for time served in the instant case from May 19, 2022, to the date of sentencing (September 30, 2022). ***Id.***

as well as the fact he was required to complete a separate sentence in connection with his prior conviction, we note a defendant need not be pleased with the outcome of his decision to plead guilty. **See Commonwealth v. Anderson**, 995 A.2d 1184 (Pa.Super. 2010). "All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." **Id.** at 1192. In the case *sub judice*, we agree with the PCRA court that the record reveals Appellant entered his guilty plea knowingly, voluntarily, and intelligently. Consequently, there is no arguable merit to the underlying claim, and counsel cannot be deemed ineffective. **See Ali**, **supra**.

For all of the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/27/2025